A10A0436. THE STATE v. OUTEN.
(695 SE2d 654)

DOYLE, Judge.
The State appeals from the trial court's grant of David Outen's special demurrer as to Count 1 of the indictment charging him with homicide by vehicle in the first degree. Finding no error, we affirm.

The State charged in Count 1 that Outen committed homicide by vehicle in the first degree, alleging that he

without malice aforethought and while driving a motor vehicle on West Broad Street, unlawfully cause[d] the death

---

of Trina Heard through the violation of OCGA § 40-6-390, Reckless Driving; in that said accused did drive said motor vehicle on said roadway in reckless disregard for the safety of persons and property; said Reckless Driving being the cause of said death; in violation of OCGA § 40-6-393 (a), contrary to the laws of said State.

Outen specially demurred to Count 1, arguing that it provided insufficient detail to allow him to prepare his defense because it lacked any specific facts supporting the reckless driving allegation. Following a hearing, the trial court agreed and granted the special demurrer, and the State appeals that ruling.

OCGA § 17-7-54 (a) provides that a grand jury indictment that "states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct." "By filing a special demurrer, an accused claims, not that the charge in an indictment is fatally defective and incapable of supporting a conviction (as would be asserted by general demurrer), but rather that the charge is imperfect as to form or that the accused is entitled to more information."[1] When reviewing an indictment before trial, we "apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance."[2]

> The real test, therefore, is not whether the indictment could have been clearer, but whether it states the elements of the offense and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Thus, it is useful to remember that the purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy.[3]

OCGA § 40-6-390 (a) provides that "[a]ny person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." Reckless driving can be

---

[1] (Punctuation omitted.) *State v. Delaby*, 298 Ga. App. 723, 724 (681 SE2d 645) (2009).

[2] *Blackmon v. State*, 272 Ga. App. 854 (614 SE2d 118) (2005).

[3] (Citations and punctuation omitted.) *Delaby*, 298 Ga. App. at 724-725.

committed in a number of different ways,[4] none of which is alleged in the indictment.[5] Thus,

> we agree with the trial court that the use of the statutory language in Count 1 of the indictment was generic and did not adequately inform [Outen] of the facts constituting the offense alleged against him. Because [Outen] filed a timely special demurrer, he was entitled to an indictment that was perfect in form and substance. Count 1 of [Outen's] indictment failed to meet that standard. . . .[6]

The State relies primarily upon *Davis v. State*,[7] a Supreme Court decision affirming the denial of the defendant's special demurrer as to an accusation alleging reckless driving. In that case, the accusation alleged that Davis "drove his vehicle 'in reckless disregard for the safety of persons or property,' which tracks the language of the statute [OCGA § 40-6-390 (a)]."[8] Davis filed a special demurrer on the day of his trial, which the Supreme Court concluded was untimely.[9] However, the Court went on to hold that

> [T]here is no merit to Davis's special demurrer. . . . An indictment or accusation must include all of the essential elements of the crime charged. The accusation used the language of the statute, included the essential elements of the offense, and was sufficiently definite to advise Davis of what he must be prepared to confront.[10]

Because the *Davis* case involves the review of an untimely

---

[4] See, e.g., *Carrell v. State*, 261 Ga. App. 485, 486 (1) (583 SE2d 167) (2003) (indictment alleged that defendant drove recklessly because he was speeding, crossed the centerline, and drove at night without headlights); *Howard v. State*, 252 Ga. App. 487, 488 (2) (555 SE2d 884) (2001) (State alleged that defendant drove recklessly because he operated a motor vehicle with a width greater than that allowed by law).

[5] Count 2 of the indictment charged Outen with homicide by vehicle in the second degree and alleged that he caused the death of the victim by failing to maintain his lane; Count 2 did not mention reckless driving. Therefore, the language in Count 2 does not cure the deficiency in Count 1. Compare *Howard*, 252 Ga. App. at 488 (2) ("An indictment may be valid as to an offense requiring proof of an underlying or predicate offense, however, even if the count as to the compound offense omits an essential element of the predicate offense — as long as the indictment charges the predicate offense completely in a separate count or where the defendant is put on notice of the predicate offense by the facts alleged in the indictment to show how the compound offense was committed.").

[6] *Delaby*, 298 Ga. App. at 727.

[7] 272 Ga. 818 (537 SE2d 327) (2000).

[8] Id. at 819 (1).

[9] See id.

[10] (Citations omitted.) Id.

demurrer, it is factually distinguishable from the instant case in which we are reviewing Outen's timely pretrial special demurrer. Furthermore, Davis was not challenging the lack of factual detail in his indictment; instead, he was objecting to the "in the alternative" language contained in the indictment.[11] Finally, the Supreme Court performed a harmless error analysis (which is not applicable here because Outen filed a pretrial special demurrer)[12] and concluded that even if the accusation was defective, Davis was not prejudiced because his trial preparation for both of the alternative methods alleged in the indictment (driving under the influence and failing to drive on the right side of the roadway) "would include consideration of the same facts and circumstances as the reckless driving charge, and would allow Davis to frame an adequate defense to this reckless driving count."[13] Here, different theories supporting the reckless driving charge against Outen could require markedly different defenses; for example, defending a claim that Outen drove recklessly by failing to maintain his lane would require an entirely separate defense from a charge based on the theory that Outen drove without taking medication that prevented seizures. Thus, *Davis* is distinguishable and does not require reversal of the trial court's order granting Outen's special demurrer as to Count 1 of the indictment. Accordingly, we affirm.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 11, 2010 —
RECONSIDERATION DENIED MAY 27, 2010 — 

*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellant.
*Edward H. Brumby, Jr.*, for appellee.

---

[11] See id.

[12] See *Blackmon*, 272 Ga. App. at 854 (holding that we do not conduct a harmless error analysis when reviewing a pretrial special demurrer).

[13] *Davis*, 272 Ga. at 820 (1).