S10G1596. THE STATE v. OUTEN.
(714 SE2d 581)

HINES, Justice.

This Court granted a writ of certiorari to the Court of Appeals in *State v. Outen*, 304 Ga. App. 203 (695 SE2d 654) (2010), in which that Court affirmed the grant of a special demurrer when the language of the indictment tracked the statutory language that defined the offense of first degree vehicular homicide predicated on reckless driving. However, having determined that there was no appellate jurisdiction in the Court of Appeals, we vacate that Court's judgment and remand the case to that Court for further proceedings.

After an automobile driven by David V. Outen struck and killed Trina Heard, a grand jury returned a two-count indictment against Outen. Count 1 closely tracked the language of the reckless driving statute and charged that, on March 21, 2007, "without malice aforethought and while driving a motor vehicle on West Broad Street, [Outen] unlawfully cause[d] the death of Trina Heard through the violation of O.C.G.A. § 40-6-490, Reckless Driving," by driving "said motor vehicle on said roadway in reckless disregard for the safety of persons and property." See OCGA §§ 40-6-390 (a), 40-6-393 (a). Count 2 charged that, on March 21, 2007, Outen "did,

without an intention to do so and while driving a motor vehicle on West Broad Street, unlawfully cause the death of Trina Heard by violating O.C.G.A. § 40-6-48, Failure to Maintain Lane," in that, while driving on a roadway "which was divided into more than two clearly marked lanes for traffic, [he] fail[ed] to drive as nearly as practicable entirely within a single lane and did move from such lane without having first ascertained that such movement could be made with safety." See OCGA §§ 40-6-48, 40-6-393 (c).

Outen filed a special demurrer as to Count 1, "arguing that it provided insufficient detail to allow him to prepare his defense because it lacked any specific facts supporting the reckless driving allegation." *Outen*, supra at 204. The trial court granted the motion, the State filed a notice of appeal from that order, and the Court of Appeals affirmed. Id. However, doing so was error. Although no question of the jurisdiction of the Court of Appeals was raised in that Court, it is incumbent upon the appellate courts of this State to inquire into their own jurisdiction, regardless of whether an issue of jurisdiction is raised by the parties. *In the Interest of K. R. S.*, 284 Ga. 853 (1) (672 SE2d 622) (2009).

The ability of the State to appeal in a criminal case is governed by OCGA §§ 5-7-1 and 5-7-2. " 'In OCGA § 5-7-1 (a), the General Assembly has set forth only a limited right of appeal for the State in criminal cases. (Cits.)' [Cit.] If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it. [Cit.]" *State v. Evans*, 282 Ga. 63, 64 (646 SE2d 77) (2007). Under OCGA § 5-7-1 (a) (1),

> [a]n appeal may be taken by and on behalf of the State of Georgia from the superior courts, state courts, City Court of Atlanta, and juvenile courts and such other courts from which a direct appeal is authorized to the Court of Appeals of Georgia and the Supreme Court of Georgia in criminal cases and adjudication of delinquency cases in the following instances:
>> [f]rom an order, decision, or judgment setting aside or dismissing any indictment, accusation, or petition alleging that a child has committed a delinquent act or any count thereof . . . .

And, OCGA § 5-7-2 requires that

> [o]ther than from an order, decision, or judgment sustaining a motion to suppress evidence illegally seized, in any appeal under this chapter where the order, decision, or judgment is not final, it shall be necessary that the trial judge certify

within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that an immediate review should be had.

The trial court's order dismissing Count 1 of the indictment is not a final order; Count 2 remains in the trial court. Accordingly, by the plain terms of OCGA § 5-7-2, a certificate of immediate review was required.

The requirement of OCGA § 5-7-2 will not be bypassed. "OCGA § 5-7-1 et seq. must be construed strictly against the State and liberally in favor of the interests of defendants. *State v. Ware,* [282 Ga. 676, 678 (653 SE2d 21) (2007)]; *State v. Martin,* 278 Ga. 418, 419 (603 SE2d 249) (2004)." *State v. Lynch,* 286 Ga. 98, 103 (2) (686 SE2d 244) (2009). The State did not secure the required certificate, and the order granting the special demurrer as to Count 1 is thus not appealable; the State's " 'attempted appeal is nugatory and does not activate . . . appellate jurisdiction . . . .' [Cit.]" *Ware,* supra at 678.

We note that there are opinions issued by the Court of Appeals that state that when a trial court dismisses a single count of a multi-count indictment leaving the other counts pending, the order is "final" within the meaning of OCGA § 5-7-2. See, e.g., *State v. Ramirez-Herrara,* 306 Ga. App. 878, 879 (1) (703 SE2d 429) (2010); *State v. Barrett,* 215 Ga. App. 401, 402, n. 1 (451 SE2d 82) (1994). However, these opinions rely upon *State v. Tuzman,* 145 Ga. App. 481, 482 (1) (243 SE2d 675) (1978), which was wrongly decided. In *Tuzman,* 30 counts of a 41-count indictment were dismissed, and the State filed a notice of appeal to review that dismissal, despite the fact that 11 counts of the indictment remained pending in the trial court. *Tuzman* held that to apply OCGA § 5-7-2 when only a portion of a multi-count indictment is terminated would "reduce to a nullity the 'any count thereof' language of [OCGA § 5-7-1 (a) (1)]."[1] Id. However, this conclusion appears to be based on a misunderstanding of the functions of OCGA §§ 5-7-1 and 5-7-2. OCGA § 5-7-1 does not grant the State a right of *direct* appeal from the orders and judgments listed therein, it only declares in what instances an appeal may be taken. Rather, it is the role of OCGA § 5-7-2 to guide by what *procedures* an appeal may be had; OCGA § 5-7-1's only reference to "direct appeal" is in defining the classes of courts from whose orders the State may appeal.[2] See also *Martin v. State,* 278 Ga. 418, 419 (603

---

[1] *Tuzman* was actually faced with a trial court order granting a plea in bar as to some counts of the indictment, which is listed in OCGA § 5-7-1 (a) (3), not OCGA § 5-7-1 (a) (1).

[2] OCGA § 5-7-1 reads in its entirety:
   (a) An appeal may be taken by and on behalf of the State of Georgia from the superior courts, state courts, City Court of Atlanta, and juvenile courts and such

SE2d 249) (2004). ("OCGA § 5-7-2 . . . describes which [matters listed in OCGA § 5-7-1] are appealable by direct appeal and which are appealable by discretionary appeal.")

We note that in at least two instances, this Court has addressed an appeal in which the State has filed a notice of appeal from an order dismissing some counts of an indictment, but with at least one count remaining in the trial court. See *State v. Jones*, 274 Ga. 287 (553 SE2d 612) (2001); *State v. Mills*, 268 Ga. 873 (495 SE2d 1) (1998). However, in those cases, "we did not rule on this Court's jurisdiction [and], no binding precedent was established." *Heard v. State*, 274 Ga. 196, 197 (1) (552 SE2d 818) (2001). See also *Gordy Tire Co. v. Dayton Rubber Co.*, 216 Ga. 83, 89 (1) (114 SE2d 529) (1960) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (Citations and punctuation omitted.)).

It was error for the Court of Appeals to affirm the trial court; the appeal should have been dismissed by that Court. Accordingly, we vacate the judgment of the Court of Appeals, and remand the case to

---

other courts from which a direct appeal is authorized to the Court of Appeals of Georgia and the Supreme Court of Georgia in criminal cases and adjudication of delinquency cases in the following instances:

(1) From an order, decision, or judgment setting aside or dismissing any indictment, accusation, or petition alleging that a child has committed a delinquent act or any count thereof;

(2) From an order, decision, or judgment arresting judgment of conviction or adjudication of delinquency upon legal grounds;

(3) From an order, decision, or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy;

(4) From an order, decision, or judgment suppressing or excluding evidence illegally seized or excluding the results of any test for alcohol or drugs in the case of motions made and ruled upon prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first;

(5) From an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state;

(6) From an order, decision, or judgment of a superior court transferring a case to the juvenile court pursuant to subparagraph (b)(2)(B) of Code Section 15-11-28;

(7) From an order, decision, or judgment of a superior court granting a motion for new trial or an extraordinary motion for new trial;

(8) From an order, decision, or judgment denying a motion by the state to recuse or disqualify a judge made and ruled upon prior to the defendant being put in jeopardy; or

(9) From an order, decision, or judgment issued pursuant to subsection (c) of Code Section 17-10-6.2.

(b) In any instance in which any appeal is taken by and on behalf of the State of Georgia in a criminal case, the defendant shall have the right to cross appeal. Such cross appeal shall be subject to the same rules of practice and procedure as provided for in civil cases under Code Section 5-6-38.

that Court for proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED JUNE 27, 2011 —
RECONSIDERATION DENIED JULY 21, 2011.

*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney,* for appellant.
*Edward H. Brumby, Jr.,* for appellee.