**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 5, 2013**

# In the Court of Appeals of Georgia

A13A0869. THE STATE v. OUTEN.

McMillian, Judge.

The trial court granted David Outen's plea in bar as to one count of a two-count vehicular homicide indictment, and this Court granted the State's application for interlocutory review. We affirm for the reasons set forth below.

The State originally indicted Outen on March 18, 2009 for two counts of vehicular homicide arising out of a March 21, 2007 automobile wreck, in which one person was killed (the "First Indictment"). Count 1 of that indictment alleged that Outen committed first degree vehicular homicide by driving recklessly in violation of OCGA § 40-6-390 (a), a felony under OCGA § 40-6-393 (a). Count 2 alleged second degree vehicular homicide based on failure to maintain lane, a misdemeanor under OCGA § 40-6-393 (c). See also OCGA § 17-10-3. Outen filed a special

demurrer as to Count 1 of the First Indictment, asserting that the language failed to sufficiently apprise him of the particular facts constituting the alleged underlying offense of reckless driving. The trial court granted the demurrer on September 17, 2009.

The State filed a direct appeal from that order, and this Court affirmed the trial court's ruling in *State v. Outen*, 304 Ga. App. 203, 204-205 (695 SE2d 654) (2010), holding that Count 1 failed to sufficiently specify how Outen had committed the offense of reckless driving, which the Court found "can be committed in a number of different ways." Id. The Supreme Court granted the State's subsequent petition for certiorari, but rather than addressing the merits of the appellate arguments, that court found that we lacked jurisdiction to consider the State's appeal, holding that a trial court order dismissing or quashing one count of a multi-count indictment is an interlocutory order not subject to direct appeal. *State v. Outen*, 289 Ga. 579 (714 SE2d 581) (2011). Although this Court previously viewed such orders as directly appealable and the Supreme Court had previously considered the merits of such cases brought on direct appeal, the Supreme Court concluded that the prior cases were wrongly decided and that the State should have followed the interlocutory appeal procedure. Accordingly, the Supreme Court vacated this Court's judgment and

2

remanded with the direction that the appeal be dismissed. Id. at 582-583. As instructed, this Court dismissed the appeal, *State v. Outen*, 311 Ga. App. 378 (715 SE2d 782) (2011), and issued the remittitur to the trial court on August 31, 2011.

Approximately four months later, on December 20, 2011, the State filed another indictment against Outen again alleging in Count 1 that he committed vehicular homicide in the first degree through reckless driving and in Count 2 that he committed vehicular homicide in the second degree by failing to maintain his lane (the "Second Indictment"). This time, however, Count 1 alleged additional facts in support of the allegation that Outen drove "in reckless disregard for the safety of persons and property." Specifically, the indictment alleged that Outen "drove with a known seizure condition, . . . without taking medication to prevent seizures, and . . . had a seizure while driving." It further alleged that Outen "then failed to maintain his lane of travel, failed to brake his motor vehicle, and failed to take any evasive action to avoid hitting [the victim's vehicle]."

Outen filed a "Plea in Bar And Demand for Acquittal" in response to the Second Indictment, asserting that the State failed to file that indictment within the applicable limitation period. OCGA §§ 17-3-1 (c), 17-3-3. The trial court granted

3

Outen's plea in bar as to Count 1 of the Second Indictment, but issued a certificate of immediate review. This appeal followed.

In considering the trial court's grant of Outen's plea in bar based upon the expiration of the statute of limitation, "we conduct a de novo review of the legal issues." (Citation and punctuation omitted.) *Pennington v. State*, __ Ga. App. __ (746 SE2d 768) (2013) (physical precedent only). And "[t]he burden is unquestionably upon the State to prove that a crime occurred within the statute of limitation . . . ." (Citation and punctuation omitted.) *Martinez v. State*, 306 Ga. App. 512, 522 (2) (702 SE2d 747) (2010).

1. The State first argues that the trial court erred in granting Outen's plea in bar because the Second Indictment constitutes a superseding indictment[1] that relates back to the First Indictment for purposes of the statute of limitations.

Felony vehicular homicide, as alleged in Count 1 of the Second Indictment, has a four-year statute of limitation. See OCGA § 17-3-1 (c). And it is indisputable that the State filed the Second Indictment more than four years after the March 21, 2007

---

[1] "A superseding indictment usually refers to an indictment that is returned while a valid indictment is still pending. A new indictment usually refers to an indictment returned after the pending indictment has been dismissed." *United States v. Italiano*, 894 F2d 1280, 1282, n. 2 (11th Cir. 1990).

automobile collision. However, Georgia has adopted the federal rule recognizing that a superseding indictment filed after the expiration of the statute of limitations may relate back to a timely-filed original indictment if certain conditions are met.

> [A] superseding indictment brought after the statute of limitation has run is valid as long as (i) the original indictment is still pending; (ii) the original indictment was timely; and (iii) the superseding indictment does not broaden or substantially amend the original charges.

(Citations omitted.) *Wooten v. State*, 240 Ga. App. 725, 726 (2) (524 SE2d 776) (1999). The State contends that the Second Indictment qualifies as such a superseding indictment because all three conditions are met in this case. We disagree.

Although the First Indictment was unquestionably timely and even assuming, without deciding, that it was still pending for purposes of this analysis,[2] we find that the Second Indictment represents a substantial amendment to the original charge in Count 1.

This Court has found that "[w]hether an amended indictment broadens or substantially amends the charges contained in the original indictment depends upon

---

[2] Although the first count was no longer pending, the Supreme Court implicitly found that the case against Outen remained pending when the Court concluded that the dismissal of only one count of the indictment was not a final order. *Outen*, 289 Ga. at 581.

5

whether the new charges contain elements that are separate and distinct from the original charges." (Citation and punctuation omitted.) *Martinez v. State*, 306 Ga. App. 512, 523 (2) (702 SE2d 747) (2010), citing *Lee v. State*, 304 Ga. App. 681, 682 (1) (697 SE2d 221) (2010), aff'd in part and rev'd in part, 289 Ga. 95 (709 SE2d 762) (2011). This Court used the term "elements" because in the cited cases, we were considering a second charging document's addition of new and different charges than those alleged in the original charging document. See *Lee*, 289 Ga. at 96 (trial court erred in failing to grant motion in arrest of judgment because charge of pimping in second accusation was included only by substantial amendment outside limitations period to the original accusation alleging prostitution); *Martinez*, 306 Ga. App. at 523 (2) (additional charges of false imprisonment and kidnapping in second indictment outside limitations period broadened and substantially amended original charges of burglary, armed robbery, aggravated assault, sexual battery, and criminal attempt to commit armed robbery in first indictment; thus second indictment did not relate back).

In this case, however, the charges remained the same, but the State alleged additional facts outside the limitations period. We thus face this issue of first impression – under what circumstances does a superseding indictment broaden or

6

substantially amend the charges by adding additional facts not set out in the original indictment. In considering this question, we again turn to the federal courts for guidance. The Eleventh Circuit Court of Appeals has found that "[f]or purposes of the statute of limitations, the 'charges' in the superseding indictment are defined not simply by the statute under which the defendant is indicted, but also by the factual allegations that the government relies on to show a violation of the statute." *United States v. Italiano*, 894 F2d 1280, 1282 (A) (11th Cir. 1990).

> Notice to the defendant is the central policy underlying the statutes of limitation. If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him. That is, he knows that he will be called to account for certain activities and should prepare a defense.

Id. at 1283 (A).[3] Therefore, "[n]otice to the defendants of the charges, so that they can adequately prepare their defense, is the touchstone in determining whether a superseding indictment has broadened the original indictment." (Citation omitted.) *United States v. Smith*, 197 F3d 225, 229 (I) (6th Cir.1999). And "in deciding whether the first indictment tolled the limitations period, the crucial inquiry is whether approximately the same facts were used as the basis of both indictments." *Italiano*, 894 F2d at 1285 (C).

Here, we agree with the trial court's finding that the First Indictment did not "sufficiently apprise the Defendant of what he must be prepared to meet." The First Indictment failed to allege sufficient facts to allow Outen to prepare a defense to the

---

[3] Similarly, the Georgia Supreme Court has explained that

[t]he purpose of a statute of (limitation) is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past.

(Citation omitted.) *Womack v. State*, 260 Ga. 21, 22-23 (4) (389 SE2d 240) (1990).

8

felony vehicular homicide charge because nothing in the First Indictment put him on notice of the manner in which he allegedly violated the reckless driving statute. The Second Indictment clearly alleged additional facts because it informed him for the first time that he would have to defend the felony charge based on allegations, inter alia, that he had a known seizure condition and had failed to take seizure medication.

In *Pennington*,[4] this Court considered an indictment alleging additional facts and charges filed outside the limitations period following a timely filed accusation. The initial accusation charged the defendant with four counts of theft by conversion allegedly committed within an eight-to-twelve-month period in either 2006 or 2007 by taking money from a business escrow account without naming any individuals or businesses who had deposited funds into that account. The subsequent indictment charged the defendant with three counts of theft by conversion during the same period, but also included two charges of theft by conversion from an earlier period. It also added seven counts of theft by taking during February, March, or April 2006 from an escrow account and identified specific dependent businesses that had deposited funds into that account as the alleged victims. *Pennington*, ___ Ga. App.

[4] Under Court of Appeals R. 33 (a), *Pennington* is not binding precedent because there is a concurrence in judgment only. We do find *Pennington* to be persuasive, however, given the similar fact pattern.

9

at __ (a). Notably, the prosecutor admitted at the hearing on the defendant's motion to quash that she filed the indictment because the accusation was legally deficient to withstand a demurrer because it did not list any victims but only alleged that the defendant took money. Id. at __ (a), n. 14. This Court concluded that the accusation did not toll the limitations period on the charges alleged in the indictment because the indictment broadened or substantially amended the original charges alleged in the accusation. Id. at __ (a).

Although the Second Indictment in this case does not assert additional charges as in *Pennington*, we nevertheless find the case instructive and conclude that the First Indictment did not toll the limitations period on the vehicular homicide charge in Count 1 of the Second Indictment because the First Indictment did not provide Outen sufficient notice of such a felony charge against him. The First Indictment failed to inform him of any factual basis for the underlying charge of reckless driving and gave no hint of the basis ultimately alleged in the Second Indictment. Thus, the trial court properly rejected the State's argument that the Second Indictment related back to the First Indictment for purposes of the statute of limitatons. Cf. *United States v. Ratcliff*, 245 F3d 1246 (11th Cir. 2001) (second indictment alleging eight overt acts, with fifteen or more conspirators and expanding length of conspiracy by twelve years did

not relate back to original indictment charging conspiracy involving one overt act and five co-conspirators).

2. The State also contends that the trial court erred in granting the plea in bar because the statute of limitations was extended for six months from the time the indictment was quashed under OCGA § 17-3-3. Asserting that the trial court lacked jurisdiction to entertain a second indictment until this Court returned the remittitur to the trial court from the prior appeal, the State argues that we should consider that the indictment in this case was not finally quashed until August 31, 2011, the date the remittitur was returned to the trial court.[5]

As noted by the State, OCGA § 17-3-3 provides a mechanism for refiling charges after an indictment has been quashed or nolle prossed outside the limitation period. Under that provision, if an indictment that was originally filed within the statute of limitation is later quashed or nolle prossed, the limitation period is "extended six months from the time the first indictment is quashed or the nolle

---

[5] We note that, here, the Supreme Court ultimately determined that the State failed to file a valid appeal and thus, the appellate courts lacked jurisdiction to consider the merits of the appeal. Accordingly, the trial court arguably could be deemed never to have lost jurisdiction. Nevertheless, the State is correct that this Court did not return the remittitur until August 31, 2011, and we will address the State's argument on that basis.

11

prosequi entered." OCGA § 17-3-3. This six-month saving period operates as an extension of – rather than an exception to – the statute of limitation. See *Kyles v. State*, 254 Ga. 49, 50 (326 SE2d 216) (1985) (finding that "OCGA § 17-3-3 is intended to function solely as a savings provision"); *Sevostiyanova v. State*, 313 Ga. App. 729, 733 (3), n. 19 (722 SE2d 333) (2012).

Nevertheless, this Court previously has decided the issue of the trial court's jurisdiction during a pending appeal against the State's position. In *Brown v. State*, 322 Ga. App. 446 (745 SE2d 699) (2013), the trial court quashed the original indictment against Brown, and the State appealed. During the pendency of that appeal, the State filed a second, timely indictment alleging the same charges, along with additional charges. The trial court denied Brown's subsequent motion to quash the second indictment on the same jurisdictional grounds the State argues here, and Brown appealed. In affirming the trial court's denial of the motion to quash, we noted that

> [f]iling a notice of appeal divests the trial court of jurisdiction in some matters, but not in all. In a criminal case, the filing of a notice of appeal merely deprives the trial court of its power to execute the sentence. Generally a trial court may not alter a judgment or order while an appeal of that particular judgment or order is pending before the appellate

12

court, *nor may a trial court initiate proceedings that require a ruling on the exact matter being appealed.*

(Citation omitted; emphasis in original.) Id. at 448 (1). And because the pending appeal in *Brown* addressed only the validity of the first, quashed indictment, we held that the issuance of a separate, second indictment "had no effect on the issue of whether the First Indictment was valid, and the trial court thus had jurisdiction to consider the Second Indictment." Id. at 449. Consequently, we found the trial court properly denied the defendant's motion to quash on jurisdictional grounds. Id. at 447 (1). See also *Roberts v. State*, 279 Ga. App. 434, 435 (631 SE2d 480) (2006) (holding State had ability to bring a second indictment against defendant although appeal pending on denial of defendant's motion for acquittal).

Here, as in *Brown*, the State's earlier appeal concerned only whether the First Indictment was valid, and the filing of a timely second indictment would not have required a ruling on the matter appealed. Indeed, the filing of a timely second indictment would have initiated an entirely separate proceeding. *Brown*, 322 Ga. App. at 449 (1), n. 4. Thus, the trial court retained jurisdiction in this case to consider a second indictment and regardless of when the remittitur was ultimately returned to the trial court, the date that Count 1 of the First Indictment was dismissed remained

13

September 17, 2009, for purposes of calculating the running of the limitation period. See also *Duncan v. State*, 193 Ga. App. 793, 794 (389 SE2d 365) (1989) (running of limitations period on charge of simple battery not tolled during pendency of prior appeal to determine whether recorder's court had jurisdiction over charges of driving under the influence and improper lane usage arising from the same incident).

The accident in this case occurred on March 21, 2007, and the State had four years from that date in which to file a charge of felony vehicular homicide. OCGA § 17-3-1 (c). The State originally indicted Outen in a timely fashion on March 18, 2009, but when Count 1 of that indictment was dismissed five months later, the State remained bound by the four-year limitation period, which still had over nineteen months before it expired. Contrary to the State's argument, OCGA § 17-3-3 does not alter the running of the statute of limitation in this case because it "has no application to a prosecution in which the [charge is dismissed] over six months before the original statute of limitations expires." (Citation omitted.) *Kyles*, 254 Ga. at 50-51.

Accordingly, we affirm the trial court's order granting Outen's plea in bar.

*Judgment affirmed. Andrews, P. J., and Dillard, J., concur.*

14