In the Supreme Court of Georgia

Decided:  October 20, 2014

S14G0390.  THE STATE v. OUTEN.

NAHMIAS, Justice.

We granted certiorari in this case to consider two issues:  (1) whether the Court of Appeals erred in concluding that OCGA § 17-3-3 did not give the State six additional months to obtain a second indictment against appellee David Outen after the remittitur was filed following the State's unsuccessful attempt to appeal the dismissal of the felony vehicular homicide ("FVH") count of Outen's first indictment; and (2) whether the Court of Appeals erred in concluding that the FVH count of the second indictment did not relate back to the date of the first indictment.  As explained below, the Court of Appeals reached the correct conclusion on both issues, although we disagree with its analysis of the relation-back issue.  Accordingly, we affirm the Court of Appeals' judgment upholding the dismissal of the felony vehicular homicide count of the second indictment.  See Bunn v. State, 291 Ga. 183, 193 (728 SE2d

569) (2012) (affirming the Court of Appeals' judgment on certiorari under the right-for-any-reason doctrine).

1.   The record indicates that on March 21, 2007, Outen was driving along West Broad Street in Athens, Georgia, when his vehicle abruptly and sharply veered off the road into a restaurant parking lot where Trina Heard had stopped on her way to work. Outen's vehicle slammed into Heard's car, killing her. On March 18, 2009, a Clarke County grand jury returned a two-count indictment charging Outen with felony vehicular homicide based on reckless driving, see OCGA §§ 40-6-390 (a), 40-6-393 (a), and misdemeanor vehicular homicide based on failure to maintain lane, see OCGA §§ 40-6-48, 40-6-393 (c). The indictment was timely under the statute of limitations, which gives the State four years to bring a charge of felony vehicular homicide and two years to charge misdemeanor vehicular homicide.[1]

---

[1] The limitations period for FVH is four years. See OCGA § 17-3-1 (c) ("[P]rosecution for felonies other than those specified in subsections (a), (b), and (d) of this Code section [murder, forcible rape, crimes punishable by death or life imprisonment and, where DNA evidence is used to establish the identity of the accused, armed robbery, kidnapping, and certain sex crimes] shall be commenced within four years after the commission of the crime"). See also OCGA § 40-6-393 (a) (establishing a sentencing range of three to 15 years in prison for felony vehicular homicide based on reckless driving). The limitations period for misdemeanor vehicular homicide is two years. See OCGA § 17-3-1 (e) ("Prosecution for misdemeanors shall be commenced within two years after the commission of the crime.").

In June 2009, Outen filed a special demurrer seeking dismissal of the FVH count on the ground that the indictment did not sufficiently notify him of the basis for the charge, which the trial court granted in September 2009. The State filed a direct appeal, and the Court of Appeals affirmed in State v. Outen, 304 Ga. App. 203 (695 SE2d 654) (2010) (Outen I). After granting certiorari, we vacated the Court of Appeals' judgment and remanded the case to that court to dismiss the appeal because the State had not followed the procedures required at that time for an interlocutory appeal from the dismissal of only part of an indictment. See State v. Outen, 289 Ga. 579, 580-582 (714 SE2d 581) (2011) (Outen II); former OCGA § 5-7-2 (requiring the State to follow interlocutory appeal procedures when the order being appealed was not a "final" order or an order suppressing illegally seized evidence).[2] On remand, the Court of Appeals conformed its judgment to this Court's opinion, see State v. Outen, 311 Ga.

---

[2] Our decision in Outen II rejected the reasoning of several Court of Appeals cases that had held that an order dismissing a single count of a multi-count indictment was a "final" order under former OCGA § 5-7-2. See Outen II, 289 Ga. at 581-582. After Outen II, the General Assembly amended § 5-7-2 to authorize the State to appeal an order dismissing fewer than all counts of an indictment without following the interlocutory appeal procedures. See Ga. L. 2012, p. 899, §§ 1-2, 9-1 (a) (codified as OCGA § 5-7-2 (b) (2) (effective July 1, 2012)).

3

App. 378, 378 (715 SE2d 782) (2011) (Outen III), and issued the remittitur on August 31, 2011, which was filed in the trial court on September 8, 2011.

A few months later, on December 20, 2011, a grand jury returned a second indictment against Outen on the same two charges based on the events of March 21, 2007. The misdemeanor vehicular homicide count was identical to that count in the original indictment, but the new indictment included additional factual allegations in the felony vehicular homicide count. That count now alleged that Outen "drove with a known seizure condition . . . without taking medication to prevent seizures, and . . . had a seizure while driving," and that he "then failed to maintain his lane of travel, failed to brake his motor vehicle, and failed to take any evasive action to avoid hitting Trina Heard's motor vehicle."

In January 2012, Outen filed a plea in bar and demand for acquittal claiming that the FVH charge was time-barred, which the trial court granted on April 24, 2012. The trial court granted the State a certificate of immediate review, and the Court of Appeals granted the State's application for interlocutory appeal but then affirmed the trial court's order in State v. Outen, 324 Ga. App. 457 (751 SE2d 109) (2013) (Outen IV). The Court of Appeals held that OCGA § 17-3-3, which extends the statute of limitations for six

4

months after a timely filed indictment is quashed, did not apply in this case to save the FVH count of the second indictment. See Outen IV, 324 Ga. App. at 462-464. The court also held that the second indictment substantially amended the original FVH charge and therefore did not relate back to the timely filed first indictment. See id. at 459-462. We granted the State's petition for certiorari to consider both of the Court of Appeals' holdings.

2. The basic law governing the statute of limitations in criminal cases is codified at OCGA §§ 17-3-1 to 17-3-3. Broadly speaking, § 17-3-1 limits the time within which a prosecution for particular offenses or categories of offenses must commence, while §§ 17-3-2, 17-3-2.1, and 17-3-2.2 specify periods that are excluded from the various limitations periods. OCGA § 17-3-3 then adds:

> If an indictment is found within the time provided for in Code Section 17-3-1 or 17-3-2, or other applicable statute, and is quashed or a nolle prosequi entered, the limitation shall be extended six months from the time the first indictment is quashed or the nolle prosequi entered.

Thus, where a grand jury returns an indictment charging the defendant with an offense within the applicable statute of limitations, and the trial court later dismisses that count of the indictment, § 17-3-3 extends the limitations period for the dismissed charge for an additional six months, thereby ensuring that the

5

State will have the opportunity to seek a new or superseding indictment on that charge. "After that time, the prosecution cannot be recommenced, absent a statutory ground for the suspension of the statute of limitations." Carlisle v. State, 277 Ga. 99, 101 (586 SE2d 240) (2003).

As discussed previously, Outen was charged with felony vehicular homicide based on events that occurred on March 21, 2007. The first indictment was timely filed on March 18, 2009, but the trial court dismissed the FVH count of that indictment and the State's appeal of that ruling was dismissed. The second indictment charging Outen with FVH was not returned until December 20, 2011, four years and almost nine months after the offense was allegedly committed. Absent a statutory ground for tolling or extension, the FVH count of the second indictment was barred by the four-year statute of limitations for that crime. The State does not contend that any of the statutory grounds for tolling apply. Rather, the State argues that OCGA § 17-3-3 made the FVH count of the second indictment timely because the trigger date for the six-month savings period was not the date in September 2009 that the trial court dismissed the FVH count of the first indictment, but rather the date in September 2011 that the remittitur from the failed appeal was filed in the trial court, which was less

6

than six months before the grand jury returned the second indictment.  The trial court and the Court of Appeals rejected the State's argument, and they were right.

The text of the statute is clear.  OCGA § 17-3-3 says that the six-month extension of the statute of limitations runs "from the time the first indictment is quashed or the nolle prosequi entered."  The statute does not say, as the State would have it, "from the time the first indictment is quashed or the nolle prosequi entered *or, in the event the State seeks an appeal, from the time the appellate court issues the remittitur*."  See <u>Duncan v. State</u>, 193 Ga. App. 793, 794 (389 SE2d 365) (1989) (holding that an appeal does not toll the statute of limitations under OCGA § 17-3-2 because the pendency of an appeal is not among the exceptions listed in § 17-3-2 and "[i]n a criminal statute of limitation only an exception or condition contained within the statute will toll its operation").  It is not surprising that § 17-3-3 does not contemplate extending the limitations period based on the State's appeal of a dismissal order, because the statute now codified as OCGA § 17-3-3 was enacted in 1968, see Ga. L. 1968, p. 1249, § 1, at p. 1266-1267, five years before the General Assembly first gave the State "a limited right to appeal certain orders . . . in criminal cases,"

7

including "an order . . . dismissing any indictment or information, or any count thereof," Ga. L. 1973, p. 297. See State v. Martin, 278 Ga. 418, 418-419 (603 SE2d 249) (2004) (discussing the history of State appeals in criminal cases).

The State resists this straightforward reading of § 17-3-3 on several grounds. First, the State asks us to read § 17-3-3 in light of the analogous federal statute, 18 USC § 3288, which says, with emphasis added:

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, *or, in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final . . . .*

The federal statute did not exist in this form in 1968, when the Georgia statute was enacted. It was not until 1988 that Congress revised 18 USC § 3288 to add the emphasized language addressing the situation where the government unsuccessfully appeals an order dismissing a criminal charge by giving the government a limited additional period to obtain a new indictment on the dismissed charge. See Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, § 7081 (a) (1), 102 Stat. 4181, 4407.

8

OCGA § 17-3-3 and its statutory predecessors have never contained similar language regarding appeals and finality. The General Assembly did not add such language in 1973, when it first gave the State a limited right to appeal an order dismissing an indictment or count of an indictment, nor has it added such language in the 40 years since, notwithstanding the 1988 amendment to the federal statute. The General Assembly knows how to adjust the time limits applicable to criminal cases to account for appeals, when it wishes to do so. See OCGA § 17-10-1 (f) (giving sentencing courts jurisdiction to modify a sentence "[w]ithin one year of the date upon which the sentence is imposed, *or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later*" (emphasis added)). Thus, to the extent that the analogous federal statute sheds light on the meaning of OCGA § 17-3-3, it undermines rather than advances the State's position.

The State next complains that measuring § 17-3-3's extension from the time that the trial court dismissed the FVH count of the first indictment against Outen puts the State in an unfair bind, because the remittitur in Outen III was not issued until August 31, 2011, several months after the four-year statute of limitations for FVH had expired. Under existing appellate precedent, however,

9

the State could have protected itself by obtaining the same second indictment that the State obtained in December 2011 anytime prior to March 27, 2011, notwithstanding the pendency of the appeal concerning the first indictment – in the same way the State protected itself in at least three other cases. See Roberts v. State, 279 Ga. App. 434, 437-438 (631 SE2d 480) (2006) (holding that an appeal challenging the legality of an indictment does not deprive the trial court of jurisdiction over a second indictment charging the same crimes but not implicating the order or matter being appealed), overruled on other grounds, DeSouza v. State, 285 Ga. App. 201, 202 n.2 (645 SE2d 684) (2007) (whole court). Accord Kenerly v. State, 325 Ga. App. 412, 413-415 (750 SE2d 822) (2013) (case decided after Outen III relying on Roberts to reach the same conclusion); Brown v. State, 322 Ga. App. 446, 447-451 (745 SE2d 699) (2013) (same), aff'd, 295 Ga. 240 (759 SE2d 489) (2014). See also Strickland v. State, 258 Ga. 764, 765 (373 SE2d 736) (1988) (explaining that the supersedeas pending appeal of a criminal case, see OCGA § 5-6-45, does not deprive the trial court of jurisdiction over all aspects of the case).

Finally, the State asserts that the approach reflected in the post-1988 version of 18 USC § 3288 is better public policy. The State argues that it should

not be forced to re-indict a case while the legal sufficiency of a prior indictment is under review in a pending appeal. The State adds that if we affirm the Court of Appeals' judgment in this case, defendants will end up defending themselves against successive indictments on the same charges while simultaneously opposing government appeals challenging the dismissal of all or part of their prior indictments. The Court of Appeals has noted the possibility of overlapping indictments in this situation, although it also explained that, if the State's appeal of the first indictment proved successful, it

> merely would result in two indictments for the same crimes, making one of the indictments superfluous. In that event, the State could seek an order of nolle prosequi for the "extra" indictment as such an order "may be entered without the consent of the accused at any time prior to the attachment of jeopardy."

Brown, 322 Ga. App. at 449 n.5 (citations omitted). Indeed, in two of the Court of Appeals' "second indictment" cases, the State announced its intention not to proceed on the later indictment until appellate review related to the prior indictment was complete. See Kenerly, 325 Ga. App. at 414 n.9; Roberts, 279 Ga. App. at 435.

In any event, this Court has no authority to substitute its own notions of optimal public policy for the policy clearly delineated in OCGA § 17-3-3. See

11

Abdulkadir v. State, 279 Ga. 122, 124 (610 SE2d 50) (2005) ("A court of law is not authorized to rewrite the statute by inserting additional language that would expand its application . . . ."). The State's policy arguments are more appropriately directed to the General Assembly, which may if it chooses amend § 17-3-3 to track the current version of 18 USC § 3288 and thereby avoid the problems that the State has identified.

3. The State also contends that the felony vehicular homicide count of the second indictment against Outen was timely, despite the expiration of the statute of limitations, because that count "related back" to the date of the first indictment. We disagree.

A count contained in a subsequent indictment relates back to the date of the prior indictment for purposes of the statute of limitations if: (1) the prior indictment was timely; (2) the prior indictment is still pending; and (3) the later indictment does not broaden or otherwise substantially amend the original charges. See Wooten v. State, 240 Ga. App. 725, 726 (524 SE2d 776) (1999); United States v. Italiano, 894 F2d 1280, 1282 (11th Cir. 1990). See also Lee v. State, 289 Ga. 95, 96 (709 SE2d 762) (2011) (citing Wooten and holding that whether an accusation or indictment returned after the expiration of the statute

12

of limitations broadens or otherwise substantially amends the original charges

is an issue of law for the court, rather than the jury, to determine). The first

indictment in this case, charging Outen with felony vehicular homicide and

misdemeanor vehicular homicide, was timely. And when the second indictment

against Outen was returned on December 20, 2011, the first indictment was still

pending, although by that time it charged only misdemeanor vehicular homicide,

as the FVH count had been dismissed. See Outen II, 289 Ga. at 581 (noting that

the misdemeanor vehicular homicide count of the first indictment "remains in

the trial court"). See also United States v. Smith, 197 F3d 225, 228-229 (6th Cir.

1999) (explaining that an original indictment is "validly pending" even if

defective or insufficient, but only "until it is dismissed or until double jeopardy

or due process would prohibit prosecution under it").[3] Thus, the State's

relation-back claim turns on whether the Court of Appeals erred in concluding

_____

[3] Thus, the return of a defective (voidable), as opposed to a void, indictment tolls the statute of limitations for the charges contained in it, and even after the limitations period has expired the defect may be corrected by a superseding indictment that meets the relation-back test – but only if the corrective indictment is filed before the original indictment is dismissed. Once the original indictment is dismissed, whether a new indictment satisfies the statute of limitations is determined not by the relation-back test but rather by application of the relevant limitations statute and tolling or extension provisions like 18 USC § 3288 or OCGA § 17-3-3. See Smith, 197 F3d at 229.

that the FVH count of the second indictment broadened or otherwise substantially amended the prior indictment as it was still validly pending.

In determining whether a subsequent indictment broadens or otherwise substantially amends a timely and pending prior indictment, the court should consider """"whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence.""" United States v. Liu, 731 F3d 982, 996-997 (9th Cir. 2013) (citations omitted).[4] The central concern is whether the prior indictment gave the defendant adequate notice to enable him to prepare his defense to the superseding indictment. See id. at 997. Where the charges and allegations in the prior and subsequent indictments are substantially the same, the assumption is that the defendant was on notice that he would be

---

[4] Our Court of Appeals discussed some of these factors in Martinez v. State, 306 Ga. App. 512 (702 SE2d 747) (2010):

> Whether an amended indictment broadens or substantially amends the charges contained in the original indictment depends upon whether the new charges "contain elements that are separate and distinct" from the original charges. In other words, we must examine whether the evidence used to prove the crimes charged in the original indictment would be adequate to prove the new crimes charged in the amended indictment.

Id. at 523 (citation omitted).

called to account for certain activities and should prepare his defense accordingly.  See id.; Italiano, 894 F2d at 1283.

The Court of Appeals concluded that the second indictment against Outen substantially amended the pending indictment because the felony vehicular homicide count of the first indictment did not put Outen "on notice of the manner in which he allegedly violated the reckless driving statute," and the second indictment "informed him for the first time that he would have to defend the felony charge based on allegations, inter alia, that he had a known seizure condition and had failed to take seizure medication." Outen IV, 324 Ga. App. at 461.  However, the FVH count of the second indictment was *narrower* than the original FVH count; it *specified* the particular theory of reckless driving that the State intended to pursue, thereby limiting the range of evidence and arguments that Outen previously would have had to confront at trial.  From a notice standpoint, the additional allegations in the second indictment made it easier, rather than harder, for Outen to prepare his defense.  See United States v. O'Bryant, 998 F2d 21, 25 (2nd Cir. 1993) ("When a superseding indictment does no more than specify the exact mechanics of a defendant's participation in a previously charged offense, it does not represent a material broadening or

15

substantial amendment of the original indictment."). We therefore disagree with the Court of Appeals' rationale for rejecting the State's relation-back claim.

Nevertheless, the State's claim fails for a more fundamental reason. Although the first indictment initially charged Outen with both felony and misdemeanor vehicular homicide, the trial court dismissed the felony charge in September 2009, and the State's attempt to appeal that ruling had concluded unsuccessfully by September 2011. Thus, when the second indictment was returned on December 20, 2011, the only charge of the first indictment that was still validly pending against Outen was one count of misdemeanor vehicular homicide based on failure to maintain lane. See OCGA §§ 40-6-48, 40-6-393 (c). The second indictment duplicated that misdemeanor count but added a count of felony vehicular homicide based on reckless driving. See OCGA §§ 40-6-390 (a), 40-6-393 (a). Compared with the sole pending charge of misdemeanor vehicular homicide, this felony count alleged a violation of a different statute, contained different elements, relied on different evidence, and exposed Outen to a potentially far greater sentence. See Liu, 731 F3d at 996-997.

Consequently, the FVH count of the second indictment did not relate back to the date of the then-pending indictment for misdemeanor vehicular homicide. See Lee, 289 Ga. at 96 (holding that the second accusation substantially amended the first accusation and therefore did not relate back with respect to the charge of pimping because the first accusation charged the defendant only with the distinct crimes of prostitution and keeping a place of prostitution); Martinez, 306 Ga. App. at 523 (holding that additional charges of false imprisonment and kidnapping in the second indictment broadened and substantially amended the original charges of burglary, armed robbery, attempted armed robbery, aggravated assault, and sexual battery and therefore did not relate back to the date of the first indictment). The trial court therefore properly dismissed the felony vehicular homicide count of the second indictment, and the Court of Appeals reached the right result in upholding that ruling.

Judgment affirmed. All the Justices concur.