# Court of Appeals
# of the State of Georgia

ATLANTA,  March 06, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1252.  THE STATE v. JAMES ARTHUR DAVENPORT.**

On September 28, 2017, the trial court granted defendant James Davenport's general and special demurrers and motion to quash an accusation charging him with four county zoning ordinance violations.  The State filed a motion to reconsider, which the trial court denied on October 6, 2017.  On November 2, 2017, the State filed a notice of appeal from the order denying its motion to reconsider.  We lack jurisdiction.

The State's right to appeal in criminal cases is limited by statute.  See OCGA §§ 5-7-1; 5-7-2; *State v. Outen*, 289 Ga. 579, 580 (714 SE2d 581) (2011); *Ritter v. State*, 269 Ga. 884, 885 (2) (506 SE2d 857) (1998).  "If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." *Outen*, 289 Ga. at 580 (punctuation omitted).  In this case, the State seeks appellate review under OCGA § 5-7-1 (a) (1), which authorizes a direct appeal to be taken by the State "[f]rom an order, decision, or judgment setting aside or dismissing any indictment, accusation, or a petition alleging that a child has committed a delinquent act, or any count thereon."

A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  See *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  The State's notice of appeal is untimely, as it was filed 35 days after the trial court entered its order granting Davenport's demurrers and motion to quash.  Although the State filed a motion for reconsideration of that order, a motion for reconsideration does not extend

the time for filing a challenge to an appealable order, and the denial of such a motion is not appealable in its own right. *State v. White*, 282 Ga. 859, 860 (1) (655 SE2d 575) (2008); see also *State v. Lynch*, 286 Ga. 98, 102 (2) (686 SE2d 244) (2009). Consequently, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  03/06/2018
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*