# Court of Appeals
# of the State of Georgia

ATLANTA,  January 16, 2020

*The Court of Appeals hereby passes the following order:*

**A20A0858.  THE STATE v. ANTHONY JAQUEZ BUTLER.**

In this criminal action, the trial court entered an order on July 12, 2019, granting "in its entirety" the defendant's motion to suppress statements he made during a custodial interview and a firearm recovered as a result of the interview.  On July 17, 2019, the State filed a notice of appeal from that order, and the ensuing appeal was docketed in this Court as Case No. A20A0284.  We granted the State's motion to withdraw that appeal in October 2019.  See *State v. Butler*, No. A20A0284 (Oct. 15, 2019).

Three days later, back in the trial court, the State filed a motion styled as a "Motion to Supplement the Record Pursuant to OCGA § 5-6-41 (f)," in which it sought clarification from the trial court as to whether the court's July 12 order operated to suppress all statements made during the defendant's custodial interview. During a November 7, 2019 hearing on the State's motion, the trial court stated, "to the extent it needs any explanation, [the court's] ruling is . . . that the custodial statements, plural now, are suppressed." The court also orally denied the motion to supplement. Later that day, the State filed a notice of appeal under OCGA § 5-7-1 (a) (4), seeking to appeal "the November 7, 2019 Order Granting Defendant's Motion to Suppress."  That appeal has been docketed as the instant case, No. A20A0858.  On November 14, 2019, the trial court entered a written order denying the State's motion to supplement.  We lack jurisdiction over this appeal.

The State's right to appeal in criminal cases is limited by statute. See OCGA §§ 5-7-1; 5-7-2; *State v. Outen*, 289 Ga. 579, 580 (714 SE2d 581) (2011); *Ritter v. State*, 269 Ga. 884, 885 (2) (506 SE2d 857) (1998). "If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." *Outen*, 289 Ga. at 580 (punctuation omitted). A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).

To the extent that the State seeks appellate review of the denial of its motion to suppress, this appeal is untimely. Contrary to the State's suggestion in its notice of appeal, the trial court did not enter an order granting the defendant's motion to suppress on November 7, 2019. That order rather was entered on July 12, 2019. The State untimely filed its current notice of appeal 118 days after entry of that order. And to the extent that the trial court's assertion regarding suppression of the defendant's "plural" statements during the November 7 motion hearing may be construed as a new oral suppression ruling, it is not appealable absent a written order memorializing it.[1] See *Tolbert v. Toole*, 296 Ga. 357, 360-361 (2) (767 SE2d 24) (2014) (oral rulings are neither final nor appealable until reduced to writing, signed by the judge, and filed with the clerk). Finally, to the extent that the State seeks review of the denial of its motion to supplement, any such appeal is outside the ambit of OCGA § 5-7-1 (a). Thus, the November 14 order denying its motion to supplement is not appealable by the State.

---

[1] The subsequent November 14 order did not alter the trial court's July 2019 ruling on the defendant's motion to suppress, but rather noted that the facts on which it based its prior ruling "were fully addressed in the Court's July 12, 2019 Order."

For each of the above reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __01/16/2020__

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*