# Court of Appeals
# of the State of Georgia

ATLANTA, __December 31, 2024__

*The Court of Appeals hereby passes the following order:*

**A24A1786. THE STATE v. DANIEL DANTE POTOKA.**

In 2022, Daniel Potoka entered a non-negotiated guilty plea to one count each of aggravated battery (Count 1) and affray (Count 2). The trial court sentenced him to 20 years with 8 years to serve and the remainder on probation for aggravated battery, and 12 months to serve to run concurrent for affray. Almost a year later, Potoka filed a motion to modify his sentence under OCGA § 17-10-1 (f), contending in part that Count 1 of his indictment actually charged him with only solicitation to commit aggravated battery; therefore, his sentence was illegal because it exceeded the maximum allowable sentence for solicitation, three years. The trial court agreed and entered an order vacating Potoka's Count 1 sentence as void and scheduling a hearing at which the court would impose a new sentence on Count 1.[1] Before the scheduled sentencing hearing, however, the State filed this direct appeal of the order vacating the Count 1 sentence, purporting to appeal pursuant to OCGA § 5-7-1 (a) (6), which allows an appeal "[f]rom an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state." We, however, lack jurisdiction.

In every case, this Court has a duty to inquire into its jurisdiction to reach the issues argued on appeal. *State v. Whitman*, 369 Ga. App. 25, 26 (891 SE2d 560)

---

[1] The trial court did not rule on Potoka's separate argument, that the court should exercise its discretion under OCGA § 17-10-1 (f) to reduce the sentence because it was consistent with neither the punishments imposed statewide for similar offenses nor the mitigating circumstances of the case.

(2023). The State's right to appeal in criminal cases is limited by statute. See OCGA §§ 5-7-1; 5-7-2; *State v. Outen*, 289 Ga. 579, 580 (714 SE2d 581) (2011). Pretermitting whether the State is entitled to appeal an order vacating a sentence under OCGA § 5-7-1 (a) (6), to appeal a non-final order, the State must follow the interlocutory appeal procedures—including obtaining a timely certificate of immediate review. See OCGA § 5-7-2 (a); *Outen*, 289 Ga. at 580-581. Here, the trial court's order vacating Potoka's sentence is not final because the court has not re-sentenced him. Because the State failed to follow the required appellate procedure, this direct appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __12/31/2024_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*