# Court of Appeals
## of the State of Georgia

ATLANTA, March 19, 2025

*The Court of Appeals hereby passes the following order:*

**A25A0789. JOHN BRIAN GOLDEN v. THE STATE.**

John Brian Golden was charged in an 11-count indictment for multiple offenses, including one count of aggravated child molestation, one count of criminal attempt to commit aggravated child molestation, four counts of child molestation, one count of criminal attempt to commit sexual exploitation of children, and four counts of sexual exploitation of children. Counts 8 through 11 — the exploitation charges — were predicated on Golden's possession of digital images of a minor female. Prior to trial, the trial court granted Golden's motion to suppress images found on his cell phone. The State subsequently tried Golden on Counts 1 through 7, and a jury found him guilty of aggravated child molestation and three counts of child molestation. Following the denial of his motion for new trial, Golden appeals. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" A criminal case is not final and ripe for appeal until all of the charges against the defendant have been resolved. See *Keller v. State*, 275 Ga. 680, 680-681 (571 SE2d 806) (2002) (holding that when a defendant is prosecuted on a multi-count indictment, the criminal case is not final and appealable under OCGA § 5-6-34 (a) (1) until the trial court enters a written judgment on each count). Here, there is nothing in the record indicating that the trial court has resolved charges 8 through 11. Absent a final disposition of those charges, this case remains pending in the trial court. See *Martin v. State*, 358 Ga. App. 291, 292-293 (855 SE2d 42) (2021) (case non-final where sentence did not reflect nolle prosequi of vacated charge). See also *Seals v.*

*State*, 311 Ga. 739, 742-743 (2) (a) (860 SE2d 419) (2021) ("[W]hen at least one count of a multi-count indictment remains pending below, no count may be appealed as a final judgment"), disapproved of on other grounds by *Gonzales v. State*, 315 Ga. 661 (884 SE2d 339) (2023).  Cf. *State v. Outen*, 289 Ga. 579, 581 (714 SE2d 581) (2011) (dismissing the State's direct appeal under former OCGA § 5-7-2 for lack of jurisdiction where the trial court's order on the defendant's multi-count criminal indictment did not resolve all charges, rendering the trial court's criminal order non-final).

Under these circumstances, Golden was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal. See OCGA § 5-6-34 (b). His failure to do so deprives this Court of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*   03/19/2025

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*