IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 20, 2018 Session
Heard at Belmont University College of Law[1]

**STATE OF TENNESSEE v. ALISHA LYNN ALSUP**

**Appeal from the Circuit Court for Lawrence County**
**Nos. 33214 and 33873      J. Russell Parkes, Judge**

―――――――――――――――――――――――

**No. M2017-01669-CCA-R3-CD**

―――――――――――――――――――――――

In this appeal, the State challenges the trial court's dismissal of a DUI by impairment charge as an impermissible "broadening and/or substantial amendment" to the original charge of DUI per se. The Defendant, Alisha Lynn Alsup, was initially indicted by the Lawrence County Grand Jury for driving while the alcohol concentration in her blood or breath was 0.08% or more (DUI per se), T.C.A. § 55-10-401(2); driving without her eyeglasses, id. § 55-50-331; and driving with inoperable headlights, id. § 55-9-402. Alsup[2] filed a motion to suppress the results of the field sobriety tests, the blood sample, and the blood test results, and, shortly thereafter, the grand jury issued a superseding indictment, charging her with driving under the influence (DUI by impairment), id. § 55-10-401(1), in addition to the previously charged offenses. Thereafter, Alsup filed a brief in the trial court asking that the superseding indictment be dismissed. Following an evidentiary hearing, the trial court granted the motion to suppress the blood alcohol results and stated that "in light of the . . . suppression of the blood sample in this case, the Court finds it unnecessary to address the dismissal of the superseding indictment in that Count II of said indictment is premised on [Alsup's] blood alcohol content being 0.08[%] or more." The trial court then held that the State would only be allowed to proceed on the original indictment, which the court mistakenly believed charged Alsup with DUI by impairment. Thereafter, the trial court entered a second order, the subject of the State's appeal, correcting some errors in the previous order, reiterating its suppression of the blood test results, dismissing the DUI per se counts in the original and superseding indictments based on the suppression of the blood test results, and dismissing the DUI by impairment charge in the superseding indictment as time-barred after determining that

―――――――――――――――

[1] Oral argument was heard in this case on March 20, 2018, at Belmont University College of Law in Nashville, Tennessee.

[2] We acknowledge that we do not use titles when referring to every witness. We intend no disrespect in doing so. Judge John Everett Williams believes that referring to witnesses without proper titles is disrespectful even though none is intended. He would prefer that every adult witness be referred to as Mr. and Mrs. or by his or her proper title.

this charge was "a broadening and/or substantial amendment" to the DUI per se charge in the original indictment. In response, Alsup argues that the trial court exceeded its jurisdiction by entering the second order amending its first order pursuant to Tennessee Rule of Criminal Procedure 36, that the State failed to timely appeal from the first order entered, and that the trial court properly determined that the DUI by impairment charge was barred by the statute of limitations. Although this was a very close case, we conclude that the DUI by impairment charge in the superseding indictment broadened and substantially amended the charge of DUI per se in the original indictment. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Brent A. Cooper, District Attorney General; and Adam C. Davis, Assistant District Attorney General, for the appellant, State of Tennessee.

Raymond W. Fraley, Jr., Fayetteville, Tennessee, for the appellee, Alisha Lynn Alsup.

**OPINION**

On August 29, 2014, Alsup was arrested for DUI after an officer stopped her for an inoperable headlight. The arresting officer acknowledged that Alsup had not been driving inappropriately prior to the stop. Thereafter, a criminal warrant issued from the Lawrence County General Sessions Court alleging that Alsup was guilty of driving under the influence of an intoxicant as well as other traffic-related offenses. This warrant did not reference either Tennessee Code Annotated subsection 55-10-401(1) or 55-10-401(2) for the DUI charge.

On May 8, 2015, the general sessions court dismissed Alsup's case.

On May 21, 2015, the Lawrence County Grand Jury indicted Alsup in docket number 33214 for the following offenses committed on or about August 29, 2014:

Count One: driving while the alcohol concentration in her blood or breath was 0.08% or more (DUI per se), in violation of Code section 55-10-401(2);

Count Two: driving without her eyeglasses, in violation of Code section 55-50-331; and

Count Three: driving with inoperable headlights, in violation of Code section 55-9-402.

On April 11, 2016, Alsup filed a motion to suppress all evidence following her initial traffic stop, including evidence related to the officer's DUI investigation, the results of the field sobriety tests, the blood sample itself, and the results from the blood alcohol test.

On May 19, 2016, the Lawrence County Grand Jury returned a superseding indictment against Alsup in docket number 33873 charging her with the following four offenses committed on or about August 29, 2014:

Count One: driving under the influence of an intoxicant (DUI by impairment), in violation of Code section § 55-10-401(1);

Count Two: driving while the alcohol concentration in her blood or breath was 0.08% or more (DUI per se), in violation of Code section 55-10-401(2);

Count Three: driving without her eyeglasses, in violation of Code section 55-50-331; and

Count Four: driving with inoperable headlights, in violation of Code section 55-9-402.

At the June 2, 2016 suppression hearing, the trial court acknowledged that the grand jury had returned a superseding indictment charging Alsup with both DUI by impairment and DUI per se. At the beginning of the hearing, the court announced that the parties had agreed there would be no waiver of any of the defenses related to the superseding indictment, including whether the charges were barred by the applicable statute of limitations. The court also noted an agreement between the parties that any motions, including the motion to suppress, filed in case number 33214 were equally applicable to the superseding indictment in case number 33873. After hearing testimony from the arresting officer, the trial court made the following findings: (1) probable cause existed for the initial stop because Alsup's passenger-side headlight was inoperable in violation of Code section 55-9-402; (2) reasonable suspicion existed to continue the investigation following the initial stop; (3) reasonable suspicion existed for the officer to

- 3 -

request field sobriety tests; and (4) probable cause existed for the arrest. The trial court stated that it was going to reserve ruling on issues regarding the chain of custody and whether the blood sample was properly preserved in order to give the State the opportunity to present the Tennessee Bureau of Investigation technician who received the kit containing the blood sample.

On July 13, 2016, the State presented the testimony from the TBI technician who received the blood kit.[3]

On November 3, 2016, Alsup filed a brief, arguing that the officer did not have probable cause to arrest her and that the blood sample and the results of the blood alcohol test should be suppressed because of chain of custody problems and the use of an outdated implied consent form. In the brief, Alsup asked the trial court to dismiss the superseding indictment, which was filed outside the one-year statute of limitations, because it "effectively broadened the charges by adding count II charging DUI per se which ha[d] elements that [were] not found in the original charge in the 2015 indictment."

On December 1, 2016, the trial court entered an order granting the motion to suppress the blood alcohol test results, finding sua sponte pursuant to the United States Supreme Court's holding in Birchfield v. North Dakota, 136 S. Ct. 2160 (2016), that Alsup's submission to a blood alcohol test was not voluntary because the outdated implied consent form advised her that if she refused to submit to a blood test, she would "be charged with the offense of violation of the implied consent law." The court found that Birchfield "render[ed] moot any issue regarding the chain of custody and/or the preservation and/or improper handling of a blood sample in this matter." The court then reiterated its oral ruling that the officer had probable cause to stop Alsup and that "the officer was justified in requesting that . . . field sobriety tests be performed." As to Alsup's request to dismiss the superseding indictment, the court held that "in light of the Court's suppression of the blood sample in this case, the Court finds it unnecessary to address the dismissal of the superseding indictment in that Count II of said indictment is premised on [Alsup's] blood alcohol content being 0.08[%] or more." The court then held that the State would "only be allowed to proceed to trial on the original indictment wherein the offense of driving under the influence (not per se) is alleged." In the conclusion portion of the order, the trial court stated that "[Alsup's] Motion to Suppress the blood alcohol test is granted" and "[Alsup's] Motion to Suppress all field sobriety tests is denied." Despite its previous finding in the body of the order that it was

---

[3] Although the transcript from the July 13, 2016 hearing was not included in the record on appeal, this hearing was referenced in Alsup's brief that was filed on November 3, 2016.

unnecessary to address the dismissal of the superseding indictment, the trial court stated in its conclusion that "[t]he superseding indictment in this matter is dismissed."

On July 24, 2017, the trial court entered an order correcting some errors in its previous order, reiterating its suppression of the blood test results, dismissing the DUI per se charges in the initial and superseding indictments based on the suppression of the blood test results, and dismissing the DUI by impairment charge in the superseding indictment as time-barred after finding that this charge broadened and/or substantially amended the charge of DUI per se in the original indictment.

In the July 24, 2017 order, the court explained that at the June 2, 2016 hearing, "counsel and the court proceeded under the misapprehension that the original indictment alleged a violation of Tenn. Code Ann. § 55-10-401(1) [DUI by impairment] and that the superseding indictment added a new count to allege Driving Under the Influence Per Se in violation of Tenn. Code Ann. § 55-10-401(2)."

It then reiterated that its December 1, 2016 order denied Alsup's motion to suppress the stop and field sobriety tests but granted her motion to suppress blood alcohol test results pursuant to Birchfield. The court stated that the intended purpose of its December 1, 2016 order was to "dismiss any and all counts alleging Driving Under the Influence Per Se" but to allow the State to proceed to trial on the DUI by impairment charge in the original indictment. The trial court explained that at the time of entry of the December 1, 2016 order,

> the Court and all counsel were under the erroneous assumption that the original indictment alleged Driving Under the Influence by impairment, which it did not. In preparation for trial, counsel discovered that Count 1 of the original indictment alleged Driving Under the Influence Per Se and not Driving Under the Influence [by impairment] and immediately brought same to the Court's attention.

It then asserted that it was entering the July 24, 2017 order to correct a clerical error in the December 1, 2016 order pursuant to Tennessee Rule of Criminal Procedure 36:

> The Court finds it necessary to clarify its previous Order entered December 1, 2016. It was clearly the intent of the Court to enter an Order suppressing blood test results in this manner thus dismissing any and all counts alleging Driving Under the Influence Per Se. The Court enters this Order of correction pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure to correct a clerical error wherein the superseding indictment was dismissed in its entirety. The Court thus enters this Order dismissing

- 5 -

both Count 1 of Case No. 33214 and Count 2 of Case No. 33873, both alleging that the Defendant was guilty of Driving Under the Influence Per Se.

The court next considered the statute of limitation issue for the DUI by impairment charge in the superseding indictment. The court noted that after the initial warrant, which alleged driving under the influence without reference to the impairment or per se subsections of Code section 55-10-401, was dismissed by the general sessions court, the State took the following action:

> Rather than securing an indictment for Driving Under the Influence by impairment . . . and alternatively DUI per se . . . [,] the State only sought and/or received an indictment alleging Driving Under the Influence Per Se. More than one (1) year after the return of the initial indictment, some twenty-one (21) months after the Defendant was arrested, the State sought and received a superseding indictment alleging Driving Under the Influence by impairment."

After analyzing the applicable law on this issue, the court ultimately found that the State was barred from proceeding on the DUI by impairment charge in the superseding indictment because this charge broadened and/or substantially amended the DUI per se charge in the original indictment:

> It is clearly the law in the State of Tennessee that a superseding indictment filed beyond the statute of limitations is proper, so long as the first indictment was pending and the charges are neither broadened nor substantially amended. State v. Lawson, 291 S.W.3d 864, 872 (Tenn. 2009). In . . . State v. Nielsen, 44 S.W.3d 496, 500 (Tenn. 2001)[,] our Supreme Court stated, "If the allegations and charges are substantially the same in the old and new indictments the assumption is that the defendant has been placed on notice of the charges against him." Nielsen, 44 S.W.3d at 500 (quoting United States v. Italiano, 894 F.2d 1280, 1283 (11th Cir. 1990)). The question for this Court then becomes, did the superseding indictment broaden or substantially amend the initial charges? This Court finds that the superseding indictment does in fact broaden or substantially amend the initial indictment by adding Count 1, Driving Under the Influence by impairment.
>
> It is well settled law in Tennessee that one may be charged with alternative counts of Driving Under the Influence, (1) Driving Under the Influence of an Intoxicant (DUI [by impairment]); and (2) Driving with a

blood alcohol concentration of .08 percent or more (DUI per se). It is further clear that while the State may proceed on alternative theories[,] the entry of two (2) judgments of conviction are not permissible if a jury returns a verdict of guilty of Driving Under the Influence [by impairment] and Driving Under the Influence Per Se. State v. Cooper, 336 S.W.3d 522 (Tenn. 2011). While it is equally clear that Driving Under the Influence [by impairment] and Driving Under the Influence Per Se contain different elements[,] an acquittal of either would not necessarily mean that the State could not establish the elements of the other. See State v. Conway, 77 S.W.3d [213,] 216 [(Tenn. Crim. App. 2001)].

The Court finds that this case differs from other cases decided by the Court of Criminal Appeals and/or our Tennessee Supreme Court in that while the prosecution was commenced by virtue of a criminal warrant alleging Driving Under the Influence[,] said warrant was dismissed. The State then sought an indictment not for Driving Under the Influence [by impairment] and alternatively Driving Under the Influence Per Se, but only for Driving Under the Influence Per Se. Said indictment was returned within the applicable statute of limitations. The State did not seek a superseding indictment for more than twelve (12) months [sic] following the return of the initial indictment. The superseding indictment then alleges Driving Under the Influence [by impairment], and Driving Under the Influence Per Se. This Court finds that the superseding indictment was thus a broadening and/or substantial amendment to the initial charge of Driving Under the Influence Per Se and thus the State is barred from proceeding on Count 1 of indictment 33873 [charging DUI by impairment] as the applicable statute of limitations has run.

In the conclusion of this order, the trial court stated that because it found that the blood alcohol results should be suppressed, it was dismissing the DUI per se counts in the original and superseding indictments. It then dismissed the DUI by impairment charge in the superseding indictment after finding that "the applicable statute of limitations ha[d] run relative to [this charge]." Finally, the court stated that "[t]he State may proceed with the remaining charges of Violation of Light Law and Violation of Drivers License Law[,]" which remained in both the initial and superseding indictments.

On August 21, 2017, the State filed its notice of appeal. This notice declared that the State was appealing the trial court's July 24, 2017 order.

- 7 -

# ANALYSIS

Although the State argues on appeal that the trial court erred in finding that the DUI by impairment charge in the superseding indictment was an impermissible "broadening and/or substantial amendment" to the DUI per se charge in the original indictment, we must initially address Alsup's contentions that the trial court exceeded its jurisdiction by entering the July 24, 2017 order pursuant to Tennessee Rule of Criminal Procedure 36 and that the State failed to file a timely appeal.

**I. Jurisdiction.** Alsup first contends that the trial court exceeded its jurisdiction in entering its July 24, 2017 order amending its December 1, 2016 order pursuant to Tennessee Rule of Criminal Procedure 36. Specifically, Alsup contends that the action taken by the trial court in its July 24, 2017 order was not to correct clerical errors or errors arising from oversight or omission. Instead, she asserts that the December 1, 2016 order had the substantive effect of dismissing the second indictment in its entirety. Alsup asserts that the trial court's erroneous dismissal of the superseding indictment in its December 1, 2016 order constituted an "appealable error" rather than a "clerical error" and that the trial court lacked jurisdiction to modify this order under Rule 36. See Cantrell v. Easterling, 346 S.W.3d 445, 449 (Tenn. 2011) (defining "appealable errors" as "those errors for which the Sentencing Act specifically provides a right of direct appeal" and "clerical errors" as those errors that "arise simply from a clerical mistake in filling out the uniform judgment document").

The State counters that Alsup's characterization of the December 1, 2016 order as an effective dismissal of the superseding indictment is erroneous. It claims the trial court retained jurisdiction over the case following the December 1, 2016 order because the superseding indictment had not been dismissed in its entirety and the parties anticipated proceeding under the DUI by impairment count believed to be charged in the original indictment. The State, in its brief, agrees with Alsup that the July 24, 2017 order cannot be properly characterized as a correction of a clerical error under Rule 36 and construes the July 24, 2017 order as "an original order dismissing the superseding indictment, for which an appeal is allowed pursuant to Tennessee Rule of Appellate Procedure 3(c), which provides the State an appeal as of right 'from an order or judgment entered by a trial court . . . the substantive effect of which results in dismissing an indictment[.]'" However, at oral argument, the State appeared to acknowledge that the July 24, 2017 order corrected a clerical error in the record.

We disagree with Alsup's characterizations of the December 1, 2016 and July 24, 2017 orders. In addition, while we agree with the State that the trial court retained jurisdiction over the charges in the original and superseding indictments following entry of the December 1, 2016 order, we disagree that the July 24, 2017 order dismissed the

- 8 -

superseding indictment, thereby giving the State an appeal as of right. Rather, we construe the July 24, 2017 order as an order entered for the purpose of correcting "clerical mistakes in judgments, orders, or other parts of the record" and/or "errors in the record arising from oversight or omission" pursuant to Tennessee Rule of Criminal Procedure 36.

Tennessee Rule of Criminal Procedure 36 specifically provides that "[a]fter giving any notice it considers appropriate, the court may <u>at any time</u> correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36 (emphasis added). Rule 36 further provides, "Upon filing of the corrected judgment or order, or upon the court's denial of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure." By way of comparison, this court has held that when using Rule 36 to amend judgments of conviction in order to correct an error in sentencing,

> the record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final.

State v. Jack Lee Thomas, Jr., No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App., at Knoxville, Nov. 15, 1995).

We conclude that the substantive effect of the December 1, 2016 order did not result in dismissing the superseding indictment in its entirety. In <u>State v. Meeks</u>, the Tennessee Supreme Court held that an order suppressing evidence is not a final order from which the State has an appeal of right under Tennessee Rule of Appellate Procedure 3:

> An order suppressing or excluding evidence is not a final order or judgment because it does not formally terminate the prosecution. While such an order may have the same practical effect as an order of dismissal, an order suppressing or excluding evidence leaves the State with the option of proceeding with the prosecution with its remaining evidence or of dismissing the indictment under Tenn. R. Crim. P. 48. Under Tenn. R. App. P. 3(c)(1), the State has an appeal as of right only when the

- 9 -

"substantive effect" of the order suppressing or excluding the evidence "results in dismissing an indictment, information, or complaint."

262 S.W.3d 710, 719 (Tenn. 2008). The court explained that "to trigger Tenn. R. App. P. 3(c)(1), the order suppressing or excluding the evidence <u>must produce the entry of an order dismissing an indictment, information, or complaint</u>." <u>Id.</u> at 720 (emphasis added).

In the December 1, 2016 order, the trial court stated that "[i]n light of the Court's suppression of the blood sample in this case, the Court finds it unnecessary to address the dismissal of the superseding indictment in that Count II [charging DUI per se] is premised on [Alsup's] blood alcohol content being .08[%] or more." Although the conclusion portion of the December 1, 2016 order stated that "[t]he superseding indictment in this matter is dismissed[,]" this statement cannot be reconciled with the trial court's previous finding in the body of the order that it was "unnecessary to address the dismissal of the superseding indictment." Looking at the contents of the entire order, it is unreasonable to conclude that the trial court intended to dismiss the superseding indictment in its entirety because the trial court specifically noted that the DUI per se charge was in Count II, thereby indicating its awareness of the existence of other counts in the superseding indictment. Even more importantly, any dismissal of the DUI per se charges was directly related to the suppression of the blood test results, and there was no reason stated in the order for the trial court to dismiss the DUI by impairment charge in the superseding indictment. Our interpretation, namely that it was not the court's intent to dismiss the superseding indictment in its entirety, is supported by the trial court's statements in the July 24, 2017 order that "[i]t was clearly the intent of the Court [in its December 1, 2016 order] to enter an Order suppressing blood test results in this manner thus dismissing any and all counts alleging Driving Under the Influence Per Se." The court also explained in the July 24, 2017 order that it was "enter[ing] this Order of correction pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure to correct a clerical error wherein the superseding indictment was dismissed in its entirety."

Our interpretation that it was not the court's intent to dismiss the superseding indictment is corroborated by several other portions of the record. <u>Cf.</u> <u>Coleman v. Morgan</u>, 159 S.W.3d 887, 892 (Tenn. Crim. App. 2004) (concluding that Rule 36 did not apply where the transcript of defendant's plea submission hearing indicated that the illegal sentence reflected on judgment document was the sentence actually imposed). Alsup, in her November 3, 2016 brief, erroneously stated that the original indictment charged her with "DUI (not per se), a driver's license violation and the headlight violation." Later in this brief, Alsup asserted that "[t]he 2016 superseding indictment filed outside the statute of limitations effectively broadened the charges by adding count II charging DUI per se which has elements that are not found in the original charge in the 2015 indictment." Moreover, at the June 2, 2016 suppression hearing, the trial court

- 10 -

acknowledged that the grand jury had returned a superseding indictment alleging "DUI per se in one of the counts in addition to . . . old-fashioned DUI, which is simply [DUI by] impairment." These portions of the record support the view that the trial court and the parties erroneously believed that the original indictment charged DUI by impairment. Because the trial court's erroneous dismissal of the superseding indictment was based on its misapprehension that the initial indictment only charged DUI by impairment, and this misapprehension is corroborated by other portions of the record, we conclude that the trial court properly corrected this "clerical error" or "error in the record arising from oversight or omission" in its July 24, 2017 order.

Moreover, after reviewing the record, we simply cannot conclude that the December 1, 2016 order "results in dismissing an indictment, information, or complaint." This order, which merely suppressed the results of the blood test, did not constitute a final order from which the State had a right to appeal because it did not formally terminate the prosecution, given that charges remained in both the original and superseding indictments. See State v. Vickers, 970 S.W.2d 444, 448 n.4 (Tenn. 1998) (concluding that the pretrial dismissal of one count did not have the substantive effect of dismissing the entire indictment for the purposes of Rule 3(c)(1) until the trial court acquitted the defendant of the remaining count); see also Meeks, 262 S.W.3d at 718 (noting that "[w]hen a statute affords a state . . . the right to an appeal in a criminal proceeding, the statute will be strictly construed to apply only to the circumstances defined in the statute"). Even if the December 1, 2016 order can be interpreted as actually dismissing the DUI per se charges in the original and superseding indictments, it cannot be interpreted as dismissing the original indictment or superseding indictment in its entirety because both indictments had charges that remained following the dismissal of the DUI per se charges.

Accordingly, we conclude that the December 1, 2016 order, which merely suppressed the results from the blood alcohol test, can best be described as an interlocutory order. Following entry of the December 1, 2016 order and despite the trial court's ruling that the State was to proceed to trial on the original indictment due to its misapprehension as to the charges in the respective indictments, the State could have proceeded with the prosecution of the original or superseding indictments, dismissed the DUI per se charges in both indictments, or sought interlocutory appellate review of the December 1, 2016 order pursuant to Tennessee Rule of Appellate Procedure 9 or Tennessee Rule of Appellate Procedure 10. Instead, counsel for at least one of the parties informed the trial court of its errors, thus prompting the court to enter its July 24, 2017 order.

Because the record shows that no order dismissing the original indictment or superseding indictment in its entirety was ever entered and that no interlocutory appeal

- 11 -

was ever sought, the trial court's jurisdiction over the charges in both the original indictment and superseding indictment continued, and the trial court had the authority to enter its July 24, 2017 order for the purpose of correcting "clerical errors" or "errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36. We note that the State's characterization of the July 24, 2017 order as an order dismissing the superseding indictment is also incorrect because Counts Three and Four of the superseding indictment, which charged Alsup with driving without her eyeglasses and driving with inoperable headlights, remained after the dismissal of the DUI by impairment and DUI per se charges in Counts One and Two of the superseding indictment. See Vickers, 970 S.W.2d at 448 n.4. Instead, we construe the July 24, 2017 order as "an order entered pursuant to Rule 36," from which the State had an appeal as of right.[4] Tenn. R. App. P. 3(c). Based on this reasoning, we conclude that the trial court did not exceed its jurisdiction by issuing its July 24, 2017 order.

**II. Timeliness of Appeal.** Alsup also contends that this court should dismiss the appeal because the State's notice of appeal was untimely. She asserts that if the trial court lacked jurisdiction to amend the December 1, 2016 order under Rule 36 because the court's errors amounted to "appealable error," then the time for an appeal began to run from the time the trial court entered the December 1, 2016 order and "had long expired" by the time the State filed its appeal on August 21, 2017. The State, in accordance with its previous argument, counters that because the trial court's July 24, 2017 order dismissed all counts of DUI under the original indictment and the superseding indictment, its August 21, 2017 notice of appeal is timely.

We reiterate our conclusion that the July 24, 2017 order was entered pursuant to Rule 36. Following entry of the July 24, 2017 order, the State had an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3(c), which allows the State an appeal as of right from "an order or judgment entered pursuant to Rule 36." Tennessee Rule of Appellate Procedure 4(a) provides that a notice of appeal must be filed "within 30 days

---

[4] Even if the State should have pursued an interlocutory appeal under Tennessee Rule of Appellate Procedure 9(a) or an extraordinary appeal under Tennessee Rule of Appellate Procedure Rule 10(a) rather than an appeal under Rule 3(c) following entry of the July 24, 2017 order, we note "this court may treat an improperly filed Rule 3 appeal as a Rule 10 extraordinary appeal." State v. Norris, 47 S.W.3d 457, 463 (Tenn. Crim. App. 2000). "[A] suppression order that eliminates any reasonable probability of a successful prosecution provides a basis for an interlocutory appeal under [Rule 9] or an extraordinary appeal under [Rule 10]." Meeks, 262 S.W.3d at 720. We believe that an extraordinary appeal would have been granted in this case because the trial court's suppression of Alsup's blood test results, its dismissal of the DUI per se charges in the original and superseding indictments, and its dismissal of the DUI by impairment charge as time-barred in the July 24, 2017 order precluded any possibility of a successful prosecution of Alsup for DUI.

after the date of entry of the judgment appealed from." In this case, the State filed its notice of appeal on August 21, 2017, and because the notice of appeal was filed within thirty days after entry of the July 24, 2017 order, it was timely. Accordingly, we conclude that the State timely filed its notice of appeal.

**III. Dismissal of the Indictment.** The State contends that the trial court erred in dismissing the DUI by impairment count in the superseding indictment as time-barred after finding that this charge was a "broadening and/or substantial amendment" to the DUI per se charge in the original indictment. It claims that although the superseding indictment was returned on May 19, 2016, nearly nine months after the statute of limitations expired, the superseding indictment was valid because the original indictment was still pending and was timely and the superseding indictment did not broaden or substantially amend the original charges. See Nielsen, 44 S.W.3d at 500. Consequently, the State asserts that the dismissal of the DUI by impairment charge should be reversed, the indictment reinstated, and the case remanded for further proceedings. Alsup responds that the trial court properly dismissed the DUI by impairment charge as time-barred.

A prosecution for a crime generally must be commenced within a certain statutory period of time following the commission of the offense. See T.C.A. § 40-2-101, -102. "The purpose of a statute of limitations is to protect a defendant against delay and the use of stale evidence and to provide an incentive for efficient prosecutorial action in criminal cases." Nielsen, 44 S.W.3d at 499 (citing State v. Pearson, 858 S.W.2d 879, 886 (Tenn. 1993)). In this case, Alsup was charged with violating Code sections 55-10-401(1) and 55-10-401(2), and the statute of limitations for these misdemeanor offenses is one year. T.C.A. § 40-2-102(a). Because Alsup was alleged to have committed the aforementioned offenses on August 29, 2014, a prosecution initiated after August 29, 2015, would be barred by the statute of limitations. In Alsup's case, the original indictment was returned on May 21, 2015, and therefore, was timely. However, the superseding indictment was returned on May 19, 2016, nearly nine months after the limitations period expired.

It is well-established that the State has "broad discretion" to seek a superseding indictment, which is defined as "an indictment obtained without the dismissal of a prior indictment." State v. Harris, 33 S.W.3d 767, 771 (Tenn. 2000). As to this discretionary power, the Tennessee Supreme Court noted:

> Although the State may not bring a superseding indictment to harass or intimidate the accused, a legitimate decision to bring a superseding indictment is uniquely within the State's authority. Thus, the State may obtain a superseding indictment at any time prior to trial without dismissing the pending indictment and may then select the indictment under which to proceed at trial.

- 13 -

Id. (emphases added) (footnote omitted). The court further recognized that "though broad, the discretion of the State is not infinite." Id.

The State's discretionary power to obtain a superseding indictment at any time was limited in Nielsen.[5] In that case, the Tennessee Supreme court held, "'A superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges.'" Nielsen, 44 S.W.3d at 500 (quoting United States v. Italiano, 894 F.2d at 1282) (emphasis added). The court reiterated the rationale for this rule:

> "Notice to the defendant is the central policy underlying the statutes of limitation. If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him. That is, he knows that he will be called to account for certain activities and should prepare a defense."

Id. (quoting Italiano, 894 F.2d at 1283). Because the superseding indictment charging DUI by impairment was issued outside the applicable statute of limitations, we must determine whether this charge broadened or substantially amended the charge of DUI per se in the original indictment.

In order to resolve this issue, some state and federal courts have adopted the following test: "In determining whether a subsequent indictment broadens or otherwise substantially amends a timely and pending prior indictment, the court should consider 'whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence.'" State v. Outen, 764 S.E.2d 848, 853 (Ga. 2014) (quoting United States v. Liu, 731 F.3d 982, 996-97 (9th Cir. 2013)); United States v. Salmonese, 352 F.3d 608,

---

[5] In State v. Nielsen, 44 S.W.3d at 498, the defendants were originally charged by presentment with "theft of property over $10,000 [by purporting] to sell the victims 250 shares of stock in Umecan Elevator, Inc. when the defendants had neither the authority nor the ability to sell or deliver such stock." Just over a year later, but still within the applicable statute of limitations period, the State obtained a "re-indictment" alleging that the defendants committed "theft by purporting to sell an elevator dealership." Id. Six months later, after the expiration of the limitations period, the State obtained a second re-indictment under the same docket number, alleging that the defendants committed "one count of theft over $10,000 for purporting to sell elevator stock and one count of theft over $10,000 for purporting to sell an elevator dealership." Id. Where the first two charging instruments included both types of theft, i.e. theft associated with the elevator stock and theft associated with the elevator dealership, the third indictment did not broaden or substantially amend the original charges. Id. at 500.

622 (2d Cir. 2003). A trial court's decision to dismiss an indictment based on the expiration of the statute of limitation is a question of law, which we will review de novo. See Harris v. State, 301 S.W.3d at 141, 144 (Tenn. 2010); see also State v. Ross, 15 N.E.3d 1213, 1225 (Ohio Ct. App. 2014); Pennington v. State, 746 S.E.2d 768, 771 (Ga. Ct. App. 2013); Martinez v. State, 702 S.E.2d 747, 756 (Ga. Ct. App. 2010).

"The central concern is whether the prior indictment gave the defendant adequate notice to enable him to prepare his defense to the superseding indictment." Outen, 764 S.E.2d at 853-54 (citing Liu, 731 F.3d at 997); see Salmonese, 352 F.3d at 622 (noting that the aforementioned four factors were not determinative because "the 'touchstone' of our analysis is notice, i.e., whether the original indictment fairly alerted the defendant to the subsequent charges against him and the time period at issue"). Because notice to defendants is at the core of the statute of limitations doctrine, "[a] timely, pending indictment serves this doctrine by apprising a defendant 'that [he] will be called to account for [his] activities and should prepare a defense.'" United States v. Gengo, 808 F.2d 1, 3 (2d Cir. 1986) (quoting United States v. Grady, 544 F.2d 598, 601 (2d Cir. 1976)).

In order to determine whether a defendant was given proper notice, many courts have focused on whether the charge in the later indictment "was narrower" than the original charge, whether the later charge "specified the particular theory . . . that the State intended to pursue, thereby limiting the range of evidence and arguments that [the defendant] previously would have had to confront at trial," and whether "the additional allegations in the second indictment made it easier, rather than harder, for [the defendant] to prepare his defense." Outen, 764 S.E.2d at 854; see United States v. Birks, 656 F. Supp. 454, 466 (D. N.J. 2009) (stating that if later charges "simply amplify and further explain an allegation," then they do not "expand or amend the charges" for the purpose of determining whether they are barred by the statute of limitations); United States v. Zvi, 168 F.3d 49, 54 (2d Cir. 1999) (noting that "[s]uperseding indictments have been deemed timely when they simply added detail to the original charges, narrowed rather than broadened the charges, contained amendments as to form but not substance, or were otherwise trivial or innocuous."); United States v. Schmick, 904 F.2d 936, 941 (5th Cir. 1990) (recognizing that "[t]he original indictment generally referred to unregistered firearms" and "the superseding indictment merely further described the unregistered firearms used" before concluding that "[w]here the facts alleged have not been changed, although additional underlying details have been alleged, a superseding indictment brought outside the statute of limitations is timely.").

The State contends that DUI by impairment and DUI per se are found in the same statute, Tennessee Code Annotated section 55-10-401, and that Code sections 55-10-401(1) and (2) allege the same misconduct because a defendant's impairment while

driving a vehicle is the focus of both offenses. Moreover, the State emphasizes that the punishment for DUI by impairment is the same as for DUI per se and is not increased by the amendment because convictions for DUI per se and DUI by impairment are merged, thereby limiting a defendant's punishment to that of a single offense of DUI. See Cooper, 336 S.W.3d at 523-24. Finally, the State asserts that Alsup was given adequate notice of the charges against her because the charge of DUI per se in the original indictment and the charge of DUI by impairment in the superseding indictments were substantially the same in that they both advised her that evidence of her impairment would be presented.

Alsup counters that the offenses of DUI per se and DUI by impairment have different elements and rely on different evidence and that a defendant may be convicted of one offense but not another. She also asserts that the second indictment had a "separate and distinct" docket number from the original indictment, which she claims raises questions as to whether the second indictment functioned as a superseding indictment.

In this case, the original indictment charged Alsup with DUI per se, alleging that Alsup "did unlawfully drive . . . while the alcohol concentration in [her] blood or breath was eight-hundred[ths] of one percent (.08%) or more, in violation of Tennessee Code Annotated Section 55-10-401[.]" However, the superseding indictment charged Alsup with DUI by impairment, alleging that Alsup "did unlawfully drive . . . while under the influence of an intoxicant, marijuana, controlled substance, drug, substance affecting the central nervous system or combination thereof that impairs the driver's ability to safety operate a motor vehicle by depriving the driver of clearness of mind and control of herself which she would otherwise possess, in violation of Tennessee Code Annotated Section 55-10-401[.]"

It is clear, when considering the fourth Outen factor, that the DUI by impairment charge in the superseding indictment did not expose Alsup to a potentially greater sentence. However, an analysis of the remaining factors is not so straightforward.

Applying the first Outen factor, we note that although the DUI per se charge in the original indictment and the DUI by impairment charge in the superseding indictment allege violations of the same statute, they allege violations of different subsections that represent different offenses. Code section 55-10-401(1) provides that "[i]t is unlawful for a person to drive or be in physical control of any automobile . . . while . . . [u]nder the influence of any intoxicant, marijuana, controlled substance, controlled substance analogue, drug, substance affecting the central nervous system, or combination thereof that impairs the driver's ability to safely operate a motor vehicle by depriving the driver of the clearness of mind and control of oneself that the driver would otherwise possess[.]"

- 16 -

On the other hand, Code section 55-10-401(2) provides that "[i]t is unlawful for a person to drive or be in physical control of any automobile . . . while . . . [t]he alcohol concentration in the person's blood or breath is eight-hundredths of one percent (0.08%) or more[.]" As further explained in the next section, we conclude that although DUI by impairment and DUI per se are found in the same statute, they are two very different offenses for the purpose of our analysis.

Next, we must consider the second Outen factor, whether the charges contain different elements. For the charge DUI per se in the original indictment, the State was required to prove that Alsup unlawfully drove while the alcohol concentration in her blood or breath was eight-hundredths of one percent (0.08%) or more. See T.C.A. § 55-10-401(2). The pattern jury instruction for this charge states the following:

> You have heard from the proof that at the time of the defendant's arrest, she consented to and was given a test for the purpose of determining the alcohol content of the defendant's blood.

> Evidence from the test that there was, at the time alleged, eight-hundredths of one percent (.08%) or more by weight of alcohol in the defendant's blood, creates an inference that the defendant was under the influence of such intoxicant, and that the defendant's ability to drive was impaired.

> If you find from the proof that the defendant was found by means of a blood test to have eight-hundredths of one percent (.08%) or more by weight of alcohol in the defendant's blood, you, the Jury, are permitted to infer that the defendant was under the influence of such intoxicant, and that the defendant's ability to drive was therefore impaired sufficiently to constitute a violation of the law against driving under the influence of alcohol.

> However, you are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits you the jury to draw from any blood test result. Also, the inference may be rebutted by other evidence and circumstances.

> It is for the jury to determine, after a consideration of all the evidence, whether to make the inference which the law permits, the correctness of such inference, and what weight is to be given to such evidence.

Conversely, for the charge of DUI by impairment in the superseding indictment, the State was required to prove that Alsup unlawfully drove while under the influence of any intoxicant, marijuana, controlled substance, controlled substance analogue, drug, substance affecting the central nervous system, or combination thereof that impaired her ability to safely operate a motor vehicle by depriving her of the clearness of mind and control of herself that she would otherwise possess. See T.C.A. § 55-10-401(1). The pattern jury instruction for this offense provides as follows:

Any person who commits the offense of driving under the influence of [an intoxicant][marijuana][a controlled substance][a controlled substance analogue][a drug][a substance affecting the central nervous system][or any combination thereof] is guilty of a crime.

For you to find the defendant guilty of this offense, the state must have proven beyond a reasonable doubt the existence of the following essential elements:

(1) that the defendant was driving or was in physical control of an automobile or motor driven vehicle;

and

(2) that this act occurred on a [public road or highway] [shopping center] [trailer park] [apartment house complex] [location which is generally frequented by the public at large];

and

(a) that the defendant was under the influence of [an intoxicant][marijuana][a controlled substance][a controlled substance analogue][a drug][a substance affecting the central nervous system][or any combination thereof];

or

(b) that the alcohol concentration in the defendant's [blood or breath was eight-hundredths of one percent (.08%)][or more].

"Intoxication" is defined as acting under the influence of [an intoxicant][marijuana][a controlled substance][a controlled substance analogue][a drug][a substance affecting the central nervous system][or any combination thereof].

The expression "under the influence of [an intoxicant][marijuana][a controlled substance][a controlled substance analogue][a drug][a substance affecting the central nervous system][or any combination thereof]" covers not only all the well known and easily recognized conditions and degrees of intoxication, but also any mental or physical condition which is the result of taking [an intoxicant][marijuana][a controlled substance][a controlled substance analogue][a drug][a substance affecting the central nervous system][or any combination thereof] in any form and which deprives the driver of that clearness of mind and control of oneself which the driver would otherwise possess. In this situation, it would not be necessary that the person be in such a condition as would make [him][her] guilty of public drunkenness. The law merely requires that the person be under the influence of [an intoxicant][marijuana][a controlled substance][a controlled substance analogue][a drug][a substance affecting the central nervous system][or any combination thereof]. The degree of intoxication must be such that it impairs the driver's ability to safely operate a motor vehicle by depriving the driver of the clearness of mind and control of [himself][herself] which [he][she] would otherwise possess.

7 Tenn. Prac. Pattern Jury Instr. T.P.I.—Crim. 38.01 (2017 ed.).

The jury instructions highlight the fact that the elements of DUI per se and DUI by impairment vary significantly. For example, in a prosecution for DUI per se, the State is not required to prove that the motorist was impaired, only that the motorist drove while the alcohol concentration in his or her blood was 0.08% or more. On the other hand, in a prosecution for DUI by impairment, the State is not <u>required</u> to establish that the driver had a blood alcohol content of 0.08% or higher because the State can also prove that Alsup was under the influence of an intoxicant, marijuana, a controlled substance, a controlled substance analogue, a drug, a substance affecting the central nervous system, or any combination thereof before proving that one or more of these substances impaired Alsup's ability to safely operate a motor vehicle. Consequently, we conclude that the offenses of DUI per se and DUI by impairment contain separate and distinct elements.

Our consideration of the third <u>Outen</u> factor, whether the charges rely on different evidence, directly relates to the elements factor. Because notice is the "touchstone" of our analysis, <u>see</u> <u>Salmonese</u>, 352 F.3d at 622, it is reasonable to conclude that giving

- 19 -

notice to Alsup that she was being charged with driving while having an alcohol concentration in her blood or breath of 0.08% for the DUI per se charge was insufficient to advise her that she was also being charged with ingesting <u>any</u> substance that impaired her ability to safely operate a vehicle for the DUI by impairment charge. While the DUI per se charge relied on evidence of the blood sample itself and proof of the blood alcohol test result, the DUI by impairment charge relied on Alsup's admissions, the observations of the officer, and Alsup's performance on the field sobriety tests, et cetera. As the trial court noted, because DUI per se and DUI by impairment rely on different evidence, it is possible for a defendant to be convicted of one offense and not the other. See Conway, 77 S.W.3d at 218 (noting that DUI by impairment and DUI per se "contain different elements" and that "[a]n acquittal of either would not necessarily mean that the state could not establish the elements of the other").

In addition to providing analysis of the <u>Outen</u> factors, the State asserts that the case of <u>State v. Chernotik</u>, 671 N.W.2d 264 (S.D. 2003), guides our analysis of whether the DUI by impairment charge broadened or substantially amended the DUI per se charge. In <u>Chernotik</u>, the defendant was originally charged with forcible rape of his step-brother by fellatio; however, approximately one month after the statute of limitations lapsed, the State filed two amendments to this charge. <u>Id.</u> at 266-67. In South Dakota, rape could occur under seven different circumstances. <u>Id.</u> at 266. The defendant was originally charged with violating South Dakota Codified Laws section 22-22-1(2), which provided that a rape occurs "[t]hrough the use of force, coercion, or threats of immediate and great bodily harm against the victim[.]" <u>Id.</u> at 269. The first amendment changed the date of the alleged offense from "1995" to "on or between May 1990." <u>Id.</u> at 267. The second amendment changed the "circumstances" alleged from "fellatio . . . through the use of threat or intimidation," to rape where "the victim is ten years of age, but less than sixteen years of age, and the perpetrator is at least three years older than the victim," an offense commonly referred to as statutory rape that was codified in South Dakota Codified Laws section 22-22-1(5). <u>Id.</u> at 266-67, 269. South Dakota law provided that "[i]f trial has not commenced, a prosecuting attorney may amend an information to allege, or to <u>change the allegations regarding, any offense arising out of the same alleged conduct of the defendant</u> that gave rise to any offense alleged in the original information." <u>Id.</u> at 268. In considering whether the amendments "related back to the time of filing the original complaint," the South Dakota Supreme Court noted that the original rape charge was a Class 2 felony, punishable by a sentence of twenty-five years, and the amended charge was a Class 3 felony, punishable by a sentence of fifteen years, before concluding that the amendments "did not broaden the original charge to a more serious crime, but rather narrowed it to a less serious crime." <u>Id.</u> at 269. The court next held that the incident charged in the amendments was not substantially different than the charge in the original complaint "because, even though the amendments changed the date and statutory circumstances of the <u>rape</u>, the underlying incident of <u>rape</u> remained the

- 20 -

same." Id. The court held, "[W]here there was only one . . . incident ever at issue in the original complaint and all amendments, there was no broadening or substantial amendment of the original charge. The amendments certainly did not broaden or substantially amend any factual aspect of the incident." Id. at 270. The court also reiterated that "'[i]f, therefore, the facts underlying a superseding information substituting a different charge in a continuing prosecution are substantially similar to the facts underlying a timely filed information, the main purpose of the statute of limitations has been fulfilled, i.e., timely notice to the defendant of the factual allegations against which he will be required to defend.'" Id. at 271 (quoting State v. Almeda, 560 A.2d 389, 392 (Conn. 1989)). The court also noted that "an amendment charging statutory rape in lieu of an initial charge of forcible rape does not charge a different offense for relation back analysis" because "each of the subdivisions of the rape statute merely define a different circumstance under which sexual penetration may constitute the crime of rape." Id. at 272.

Here, the State asserts that "[j]ust as the defendant in Chernotik was charged for the same sexual penetration under two different theories of rape, [Alsup] was also charged with the same offense of driving under the influence of alcohol under two different theories of proof." We conclude that Chernotik is distinguishable from Alsup's case. In Chernotik, the court concluded that the amendments "did not broaden the original charge to a more serious crime, but rather narrowed it to a less serious crime." Id. at 269. However, in Alsup's case, the DUI by impairment charge in the superseding indictment did not narrow the original charge to a less serious crime; instead, the superseding indictment charged Alsup with a broader crime. The factual allegations of the DUI by impairment charge in the superseding indictment were substantially broader than the factual allegations of the DUI per se charge in the original indictment. Moreover, instead of narrowing the charge and providing more details to explain the offense, the State broadened the charge and provided fewer details, thereby expanding the range of evidence and arguments Alsup would have to confront at trial and making it more difficult for her to prepare her defense. See Outen, 764 S.E.2d at 854. For these reasons, we do not find Chernotik helpful to our analysis.

The State also argues that Alsup "was clearly on notice that she would have to defend[] herself against a charge of driving under the influence" and "clearly anticipated that evidence of her impairment would be presented" because the offenses of DUI by impairment and DUI per se fall under the same statute and allege the same misconduct, i.e., driving under the influence. We also find this argument unpersuasive. The real issue is whether the original indictment provided Alsup with timely notice of the DUI by impairment charge that was later added by the superseding indictment. See Zvi, 168 F.3d at 55 (rejecting the argument that the superseding indictments were timely because the State had previously informed the defendants that it intended to prosecute them for money laundering); Gengo, 808 F.2d at 3 (concluding that where the amended charge

- 21 -

rested on the same factual allegations and the first charge and did not require the preparation of new evidence or defenses, the defendant had adequate notice of the amended charge). Here, the original indictment did not provide sufficient notice to Alsup of the DUI by impairment charge because it rested on different factual allegations, relied on different evidence, and required the preparation of different defenses.

Moreover, we are duty-bound to acknowledge "the judicial policy favoring repose in close cases," such as this one. See Grady, 544 F.2d at 602; see also United States v. Marion, 404 U.S. 307, 322, n.14 (1971) ("The Court has indicated that criminal statutes of limitation are to be liberally interpreted in favor of repose."). Statutes of limitation "represent legislative assessments of relative interests of the State and the defendant in administering and receiving justice; they 'are made for the repose of society and the protection of those who may (during the limitation) . . . have lost their means of defence.'" Marion, 404 U.S. at 322 (quoting Public Schools v. Walker, 76 U.S. 282, 288 (1869)). In addition, criminal statutes of limitation "provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced." Id.

In reaching a decision on this issue, we also find it helpful to briefly recount the procedural history of this case. Following the dismissal of Alsup's case in general sessions court, the State presented Alsup's case to the grand jury. Although the State could have obtained an indictment for both DUI by impairment under Code section 55-10-401(1) and DUI per se under Code section 55-10-401(2), the State sought and obtained the May 21, 2015 indictment charging Alsup with DUI per se. Significantly, it was only after Alsup filed her motion to suppress that the State obtained the superseding indictment including the DUI by impairment charge. After carefully reviewing the record, we fully agree with Alsup that had the State followed the customary practice of charging both DUI per se and DUI by impairment, the procedural problems associated with this case and the resulting appeal could have been avoided.

Although we acknowledge that this is a very close case, we conclude that the DUI by impairment charge in the superseding indictment broadened and substantially amended the DUI per se charge in the original indictment. Accordingly, we affirm the trial court's dismissal of the DUI by impairment charge as being time-barred.

## CONCLUSION

Based on the aforementioned authorities and analysis, the judgment of the trial court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE